**The STATE of Ohio, Appellee,**

**v.**

**BEAVER, Appellant.**

[Cite as *State v. Beaver* (1998), 131 Ohio App.3d 458.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 97–T–0205.

Decided Nov. 23, 1998.

*Dennis Watkins,* Trumbull County Prosecuting Attorney, and *Luwayne Annos,* Assistant Prosecuting Attorney, for appellee.

*Richard Darnell Beaver, pro se.*

---

NADER, Judge.

Appellant, Richard Darnell Beaver, was originally tried for murder. The jury was instructed on both murder and felonious assault. The first jury acquitted Beaver of the murder charge but could not reach a verdict as to the felonious assault charge. Beaver was re-tried on the felonious assault charge, whereupon a second jury convicted him on October 16, 1995. He was sentenced the next day to the maximum penalty allowed by law, and on direct appeal we affirmed. *State v. Beaver* (1997), 119 Ohio App.3d 385, 695 N.E.2d 332.

One year to the day after his conviction, Beaver filed a *pro se* petition for postconviction relief on October 16, 1996. The trial court summarily dismissed the petition without an evidentiary hearing, and Beaver appealed. He raises four *pro se* assignments of error:

"[1.] The trial court failed to [prepare] and file sufficient 'findings of facts and conclusions of law' with respect to appellant's claim for review in his petition for Post Conviction Relief, thus violative of appellant's rights under the Fifth, Sixth, Eighth, and Fourteenth Amendment's [*sic*] to the U.S. Constitution and Article I, Sections 1, 10, 16, and 20 of the Ohio Constitution.

"[2.] The appellant was prejudiced by defense counsel's 'off the record request' for the court to instruct the jury on felonious assault, during the murder trial, without consulting co-counsel or appellant, thereby undermining the outcome of the first trial and resulting in the jury not being able to make a finding upon such offense.

"[3.] The trial court lacked subject matter jurisdiction to instruct the jury on an offense at law which was not averred in the indictment nor was required by the evidence adduced at trial[.] [I]n so doing the court substantially changed the name and identity of the offense for which appellant was indicted and tried.

"[4.] The trial court erred in ruling that S.B. 2 was inapplicable to appellant as a result of Section 1.58(B)[;] however, the amendment of section 1.58(B) as amended [*sic*] cannot stand under constitutional scrutiny as it was amended in violation of Ohio Constitution Article II, Section 15."

The trial court addressed the merits of Beaver's petition, and found no substantive grounds for relief. Although the effort is commendable, the court should have summarily dismissed the petition without addressing its merits.

Under the statute as originally enacted in 1965, a petition for postconviction relief could have been filed "at any time." Am.Sub.S.B. No. 383, 131 Ohio Laws 684; Comment, The Postconviction Review Dilemma in Ohio (1983), 44 Ohio St.L.J. 537, 539 ("In one of its broadest provisions, the [1965] statute states that the petition may be filed 'at any time.' "). Without a time limitation, petitions were filed years, even decades, after convictions.

The problem with this approach is illustrated by *State v. Delgado* (Nov. 7, 1997), Geauga App. No. 97–G–2053, unreported, where the petitioner pled guilty to drug charges, in January 1987. He filed his petition for postconviction relief nine and one-half years later, in September 1996. No transcript of the plea hearing was made because no appeal was taken. Furthermore, the parties could not order a transcript, because the court reporter destroyed her notes after seven years. *Id.* at 3. Since a petition can be dismissed without a hearing where the record affirmatively contradicts the allegations therein,[1] an evidentiary hearing is more likely to be ordered where there is no transcript to refute the petition.

It is manifestly unfair to the state to allow prisoners to take advantage of their own inordinate delay; therefore, the General Assembly corrected the problem by striking this limitless provision in a 1995 amendment. Am.Sub.S.B. No. 4, 146 Ohio Laws, Part IV, 7815, 7823–7824. Am.S.B. No. 4 also enacted new time limits. R.C. 2953.21(A)(2) provides:

"A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *."

Section 3 of Am.S.B. No. 4 contained a savings clause, which reads:

---

1. *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph three of the syllabus.

"A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later."

■ Am.S.B. No. 4 became effective on September 21, 1995. Beaver was sentenced nearly a month later on October 17, 1995. Consequently, Beaver had one hundred eighty days from the date on which the transcripts were filed in his direct appeal to file his petition for postconviction relief. The transcripts were filed on January 17, 1996; therefore, Beaver had until July 16, 1996, to file his petition.[2] He filed his petition, on October 16, 1996, two hundred seventy-two days after the transcripts were filed. He is far too late to be heard.

■ Am.S.B. No. 4 also amended the provisions of R.C. 2953.23 to read: "[A] court *may not* entertain a petition filed after the expiration of the period prescribed in division (A) of [section 2953.21 of the Revised Code] * * *." (Emphasis added.) The days should have been tabulated between the filing of the transcripts on appeal and the filing of Beaver's petition, and it should have been dismissed as being time-barred.

■ R.C. 2953.23 allows one, very narrow exception to the absolute prohibition on considering the merits of an untimely petition. To convince a court to consider a tardy petition, the petitioner must show that (1) the magnitude of the error is so great that but for the mistake, no reasonable trier of fact would have found him guilty, and (2) there is a very good excuse for the delay in filing the petition.

■ The statute provides that only two excuses will be accepted: (1) where the petitioner was unavoidably prevented from discovering the facts that the petition is predicated upon or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right. No other excuses will be accepted.

■ Beaver has not given any excuse whatsoever for the delay in filing his petition for postconviction relief. There does not appear to be any reason in the record why he could not have brought his claims within the one-hundred-eighty-day window, as provided by the statute. In his second assignment of error, he

---

2. Those persons sentenced in the six-month period just after the statute's effective date do not enjoy the savings clause. They must comply with the one-hundred-eighty-day deadline. Someone sentenced years before has a longer time to file than someone, like Beaver, who was sentenced in 1996. This appears to be an anomaly in the amendment. However, we must apply it as written, and we hold Beaver to the new deadlines.

asserts that his trial attorney was ineffective in his first trial for requesting an instruction on a lesser-included offense without his permission. If that is true, Beaver knew this since his first trial in June 1995, and could have raised this issue within the one-hundred-eighty-day window, after the transcripts were filed. In his third assignment of error, Beaver argues that the court in his first trial did not have jurisdiction to give an instruction on a lesser-included offense, but, again, this matter was apparent since June 1995, and there is no reason why Beaver could not have raised it within the one-hundred-eighty-day window. In the fourth assignment of error, Beaver argues that he should be resentenced under Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136. But that law has been effective since June 1, 1996, and Beaver could have raised the issue before the one-hundred-eighty-day window closed on July 16, 1996.

Beaver does not assert some new federal or state right in his petition. He merely seeks to vindicate rights already established by prior law.

Because Beaver does not have a good excuse for the delay, he cannot qualify for the narrow exception and his petition was time-barred.

 It is sometimes the policy of this court to address the assignments of error, even where there is a catastrophic procedural mistake, on the theory that it is better to resolve a postconviction relief appeal on its merits. See *e.g., State v. Miller* (Aug. 22, 1997), Portage App. No. 96–P–0253, unreported, 1997 WL 589979; *State v. Linville* (Sept. 26, 1997), Lake App. No. 96–L–015, unreported, 1997 WL 663468. However, it would contradict the clear mandate by the General Assembly that untimely petitions not be heard if, on appeal, we engage in a gratuitous legal discussion of the issues raised therein. We will not do so in cases where the petitions are filed late. Hence, the merits of the second, third, and fourth assigned errors, as they relate to the substance of the petition, will not be addressed.

We must pass on the first assignment of error, however, because it deals with a procedural matter apart from the merits of the petition. Beaver claims the trial court's judgment entry was insufficient to constitute formal findings of fact and conclusions of law, and he requests in part that we remand this matter to the court with instructions to draft a more detailed judgment entry.

The 1965 version of the Postconviction Remedy Act did not require the court to make or file findings and conclusions upon dismissing a petition. In 1967, the law was changed, and the General Assembly added a provision: "If the court dismisses the petition it shall make and file findings of fact and conclusions of law with respect to such dismissal." Am.Sub.H.B. No. 742, 132 Ohio Laws, Part I, 966, 967, codified at R.C. 2953.21(C). In *State v. Mapson* (1982), 1 Ohio St.3d 217, 219, 1 OBR 240, 242, 438 N.E.2d 910, 912, the Supreme Court explained:

"The obvious reasons for requiring findings are ' * * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause.' *Jones v. State* (1966), 8 Ohio St.2d 21, 22 [37 O.O.2d 357, 358, 222 N.E.2d 313, 314]. The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error." (Footnote omitted.)

When the new time limits were added to the statute by Am.S.B. No. 4 in 1995, the General Assembly proclaimed only that a court may not entertain a tardy petition that does not qualify for one of the narrow filing exceptions. The General Assembly did not instruct the court as to what, exactly, it is supposed to do with the petition. It seems that the General Assembly intended that an untimely petition be dismissed out-of-hand, but the text of Am.S.B. No. 4 does not indicate whether the trial court must follow previous procedure to the letter by simultaneously making and filing findings and conclusions. We think not.

A case where the trial court dismisses a petition on the ground that it is time-barred is vastly different from the case where the trial court reviews the merits of the petition and holds that it fails to state "substantive grounds for relief." A decision as to the merits of the petition requires findings and conclusions in order for the petitioner to make a reasoned appeal and to allow meaningful review by the appellate court. But a decision that a petition is time-barred precludes any further inquiry into its merits. The petitioner knows exactly why his petition was dismissed, and the appellate court can review the decision by looking at the filing dates of various documents in the record. Findings of fact and conclusions of law are not necessary in this situation. Making and filing them would be a useless exercise.

As their underlying rationale does not apply, we hold that trial courts are not required to make and file findings of fact and conclusions of law when summarily dismissing an untimely petition for postconviction relief. *State v. Dewey* (Sept. 25, 1998), Ashtabula App. No. 97–A–0077, unreported, 1998 WL 683774. A cursory judgment entry merely indicating that a petition is time-barred would be sufficient to dispose of the cause and to commence the running of the time that the petitioner has to appeal under App.R. 4(A).

It was not reversible error for the trial court in this case to have exceeded this minimum content in its judgment entry. Beaver has no right to complain that the court's voluntary findings and conclusions were inadequate or that the court should have written more.

For the foregoing reasons, Beaver's assignments of error are overruled; however, because the trial court had no jurisdiction to consider the merits of Beaver's petition, its judgment is reversed, and a judgment of dismissal is hereby ordered.

*Judgment reversed*
*and petition dismissed.*

CHRISTLEY, P.J., and WILLIAM M. O'NEILL, J., concur.