JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a jury trial, defendant-appellant Nairobi Teasley was found guilty of aggravated murder and two gun specifications. He was subsequently sentenced as appears of record. On January 14, 1998, Teasley filed an appeal advancing three assignments of error, which were overruled by this court.[1] On September 10, 1999, Teasley filed a petition for post-conviction relief. In that petition, Teasley admitted that his petition was untimely under R.C. 2953.21(A)(2), but he maintained that it should nevertheless be considered pursuant to R.C. 2953.23, which makes a limited exception for review of a postconviction petition that is not timely filed. Specifically, Teasley maintained that his petition had been filed out of time because his appellate counsel was incapacitated by illness and did not inform him about the status of his appeal or that there was evidence dehors the record allegedly demonstrating that his trial counsel was ineffective. On September 24, 1999, the trial court dismissed the petition as untimely, and Teasley filed this appeal.
In his sole assignment of error, Teasley maintains that the trial court erred in dismissing his postconviction petition without making findings of fact and conclusions of law as to whether he complied with R.C. 2953.23. In response, the state argues that Teasley failed to demonstrate that he had met either part of the two-pronged test set forth in R.C. 2953.23(A). We agree.
First, Teasley did not demonstrate, pursuant to R.C.2953.23(A)(1), that he had been unavoidably prevented from discovering that his trial counsel was ineffective by not spending enough time consulting with him or investigating his case, or that a new federal or state right had been recognized by the United States Supreme Court. Further, Teasley's petition did not clearly and convincingly demonstrate, pursuant to R.C. 2953.23(A)(2), that, but for the constitutional error, a reasonable factfinder would have found him not guilty of aggravated murder. Because Teasley did not demonstrate that he had met any of the criteria set forth in R.C. 2953.23, we hold that the trial court did not err in dismissing his petition.
Although Teasley argues that the trial court erred by not making findings of fact and conclusions of law in the entry that dismissed his petition for postconviction relief, we find no basis for this argument. While findings of fact and conclusions of law are preferred, a trial court is only required to make them when dismissing a timely first petition for postconviction relief.[2] Having concluded that the trial court did not err in finding that Teasley's appeal was untimely filed we hold that, the trial court was not required to make and file findings and conclusions. Accordingly, we overrule Teasley's assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.
[1] See State v. Teasley (Apr. 30, 1999), Hamilton App. No. C-980041, unreported, appeal dismissed (1999), 86 Ohio St.3d 1463,715 N.E.2d 566.
[2] See R.C. 2953.21(C) and 2953.21(G); State ex rel. Carrollv. Corrigan (1999), 84 Ohio St.3d 529, 705 N.E.2d 1226; State v.Beaver (1998), 131 Ohio App.3d 458, 464, 722 N.E.2d 1046, 1050.