This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Berle Carter, appeals from the decision of the Summit County Court of Common Pleas, denying his petition for postconviction relief. We affirm.
On August 19, 1999, Mr. Carter pleaded guilty to robbery, in violation of R.C. 2911.02 and was sentenced to a prison term of seven years. The trial court also stated that "[a]fter release from prison, [Mr. Carter] is ordered subject to post-release control to the extent the parole board may determine as provided by law." Mr. Carter did not appeal from the judgment of conviction and sentence.
Mr. Carter filed a petition for postconviction relief under R.C. 2953.21
on April 12, 2001. In a decision journalized on May 1, 2001, the trial court denied his petition, stating in part "[u]pon due consideration of this Court, IT IS HEREBY ORDERED that the Defendant's Motion is DENIED." This appeal followed.
Mr. Carter asserts four assignments of error. We discuss them together to facilitate review.
 First Assignment of Error Appellant contends where he submitted an affidavit attesting cause for filing a delayed petition for post-conviction relief and the Court below issued judgment denying relief, "Upon due consideration of this Court, it is hereby ordered that the defendant's motion is denied," appellant suggest[s] this was wrong, because the Court failed to issue findings of fact and conclusions of law pursuant to R.C.§ 2953.21(C).
 Second Assignment of Error Because the sentencing Court's error violates the separation of powers doctrine and directly involves the sentencing Court's "lack of jurisdiction", this matter is not barred from consideration by the doctrine of res judicata.
 Third Assignment of Error Appellant contends the Court below committed error denying the petition without conducting an evidentiary hearing pursuant to R.C.§ 2953.21(E), where 1) documentary evidence appended to the petition and in the case file supports his claim of being denied an informed sentencing decision in violation of Ohio Statutory law, a violation under the Fourteenth Amendment to the U.S. Constitution; 2) also, his claim of being entitled to the return of certain property confiscated by the Akron Police Department pursuant to R.C.§ 2933.43(C), where the record proves the confiscated property was obtained from a dismissed count of the indictment.
 Fourth Assignment of Error Alternatively, appellant contends he's entitled to mandamus injunctive relief pursuant to R.C.§ 2953.21(C).
 Mr. Carter avers that the trial court imposed a sentence that was unconstitutional and contrary to statutory law, and he seeks the return of certain property. He also contends that he was entitled to a hearing on the merits of his petition. This court does not have to address these assignments of error, as the trial court was barred from entertaining Mr. Carter's petition for postconviction relief. This court, however, must address Mr. Carter's contention that the trial court erred in not issuing findings of fact and conclusions of law when it dismissed his petition, as it deals with a procedural matter apart from the merits of the petition.
Under R.C. 2953.21(A)(2), a petition for postconviction relief "shall be filed no later than one hundred and eighty days after the expiration of the time for filing the appeal" if no direct appeal is taken from the judgment of conviction and sentence. Pursuant to App.R. 4(A), a notice of appeal must be filed within thirty days of the journalization of the judgment of conviction and sentence in a criminal case. Therefore, as Mr. Carter did not file a direct appeal, he had two hundred and ten days from the filing of the judgment of conviction and sentence to file his petition for postconviction relief. See R.C. 2953.21(A)(2) and App.R. 4(A). Mr. Carter was sentenced on August 19, 1999. His petition for postconviction relief was not filed until April 12, 2001, which was more than two hundred and ten days after the judgment of conviction and sentence was filed. Mr. Carter's petition, therefore, was untimely, and Mr. Carter conceded as much in his petition.
In State v. Alvarez (Apr. 2, 1997), Lorain App. No. 96CA006595, unreported, at 4, this court stated:
 Under Section 2953.23(A) of the Ohio Revised Code, a trial court may not entertain an untimely filed petition for post-conviction relief unless the defendant shows (1) either (a) that he was unavoidably prevented from discovering the facts upon which his petition was based or (b) that, after the 180 days had expired, the United States Supreme Court recognized a new federal or state right that would apply retroactively to him, and unless he shows (2), by clear and convincing evidence, that, but for a constitutional error at trial, he would not have been convicted[.]
 As previously discussed, Mr. Carter's petition for postconviction relief was untimely. In an affidavit attached to his petition for postconviction relief, Mr. Carter set forth the following reasons for the untimeliness of his petition: 1) "the appended record's [sic] in support of this petition w[ere] obtained by Florastine Butler, on his behalf from the Court Reporter in October 2000, and the Office of the Clerk of Court, Court of Common Pleas in November 2000," 2) he was not provided with a copy of the record until February 2001, 3) he only discovered the errors raised in his petition in December 2000 after doing legal research, and 4) he is indigent, incarcerated, and proceeding pro se. Mr. Carter also states that the Ohio Supreme Court's pronouncements in Woods v. Telb (2000), 89 Ohio St.3d 504 govern his case. Nevertheless, Mr. Carter has not demonstrated that he meets any of the criteria set forth in R.C. 2953.23(A). As such, the trial court was precluded from considering his petition.
This court must also address Mr. Carter's contention that the trial court erred in not issuing findings of fact and conclusions of law, pursuant to R.C. 2953.21(C), when it dismissed his petition for postconviction relief, as that issue deals with a procedural matter apart from the merits of the petition. See State v. Beaver (1998), 131 Ohio App.3d 458,463.
As a preliminary matter, it is important to note that the Ohio Supreme Court has "not yet decided whether a petitioner who files an untimely petition for postconviction relief need not receive findings of fact and conclusions of law if the trial court dismisses the petition. Thus, this question does not have a definitive answer." State ex rel. Sharif v.McDonnell (Feb. 7, 2001), 91 Ohio St.3d 46, 48. In deciding this issue, we find an examination of the amendments to R.C. 2953.21 and 2953.23 to be instructive.
Prior to September 21, 1995, R.C. 2953.21(C) provided that
 Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. Such court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law[.]
 (Emphasis added.) Significantly, the pre-1995 version of R.C. 2953.21 did not contain time limits within which a petitioner needed to file a petition for postconviction relief. Based on the statutory law in effect at that time, the Ohio Supreme Court held that a trial court must issue findings of fact and conclusions of law if the trial court finds that there are no grounds for a hearing and dismisses the petition. State v. Mapson (1982), 1 Ohio St.3d 217, 218-20; State v. Lester (1975), 41 Ohio St.2d 51, paragraph two of the syllabus. In Mapson, the Ohio Supreme Court explained:
 The obvious reasons for requiring findings are "* * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error.
 (Citations omitted.) Mapson, 1 Ohio St.3d at 219. As the pre-1995 version of R.C. 2953.21 did not contain time limits for filing a petition, a trial court's dismissal of the petition without a hearing could be for a variety of reasons, and therefore, issuing findings of fact and conclusions of law was essential to informing the petitioner the reasons for the dismissal and to providing meaningful appellate review.
In 1995, the General Assembly amended R.C. 2953.21 to include a time limit for filing a petition for postconviction relief, and as a result, a petition could be dismissed without a hearing because, among other reasons, it was untimely filed pursuant to R.C. 2953.21(A)(2) or the petition did not demonstrate "substantive grounds for relief" pursuant to R.C. 2953.21(C). After the 1995 amendments, R.C. 2953.21(C) continued to require a trial court to issue findings of fact and conclusions of law when it dismissed a petition without a hearing where there were no substantive grounds for relief;[1] however, the General Assembly did not explicitly address whether the trial court needed to issue findings of fact and conclusions of law when it dismissed a petition as untimely. See Beaver, 131 Ohio App.3d at 464. Rather, the General Assembly amended R.C. 2953.23 to provide narrow exceptions for when a trial court may, in fact, entertain the merits of an untimely filed petition for postconviction relief.
Accordingly, the language and structure of R.C. 2953.21 and 2953.23, as well as the amendments to those sections, suggest that a trial court need not issue findings of fact and conclusions of law when it dismisses an untimely petition. Moreover, the policies and rationale for requiring findings of fact and conclusions of law in dismissing a petition under R.C. 2953.21(C), as explained in Mapson, are not advanced by requiring the same findings when a trial court dismisses an untimely petition. To that end, the Eleventh District Court of Appeals has written:
 A case where the trial court dismisses a petition on the ground that it is time-barred is vastly different from the case where the trial court reviews the merits of the petition and holds that it fails to state "substantive grounds for relief." A decision as to the merits of the petition requires findings and conclusions in order for the petitioner to make a reasoned appeal and to allow meaningful review by the appellate court. But a decision that a petition is time-barred precludes any further inquiry into its merits. The petitioner knows exactly why his petition was dismissed, and the appellate court can review the decision by looking at the filing dates of various documents in the record. Findings of fact and conclusions of law are not necessary in this situation. Making and filing them would be a useless exercise.
 Beaver, 131 Ohio App.3d at 464. Furthermore, as previously discussed, the Ohio Supreme Court has not yet spoken to this particular issue, see Sharif, 91 Ohio St.3d at 48, while this court has held that a trial court is not required to issue findings of fact and conclusions of law pursuant to R.C. 2953.21 when the petition is untimely, for the reason that the trial court lacked jurisdiction to entertain the petition in that situation. State v. Elam (Feb. 14, 2001), 00CA007677, unreported, at 3; State v. Martinsons (Feb. 7, 2001), Medina App. No. 3107-M, unreported, at 3; State v. Childs (Feb. 16, 2000), Summit App. No. 19757, unreported, at 4. Our brethren in the Eighth, Eleventh, and Twelfth Districts have reached similar holdings. See Beaver, 131 Ohio App.3d at 464; State ex rel. Jackson v. Court of Common Pleas (Aug. 31, 2000), Cuyahoga App. No. 77999, unreported, 2000 Ohio App. LEXIS 3951, at *5-7; State v. Uhl (July 17, 2000), Butler App. No. CA99-08-137, unreported, 2000 Ohio App. LEXIS 3171, at *6-7. Accordingly, we hold that the trial court did not err when it did not issue findings of fact and conclusions of law when it dismissed Mr. Carter's untimely petition.[2]
Based on the foregoing, Mr. Carter's assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ WILLIAM G. BATCHELDER
BAIRD, J., SLABY, J., CONCUR.
[1] R.C. 2953.21 had the following language added to the beginning of subsection (C): "[t]he trial court shall consider a petition that istimely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending." (Emphasis added.)
[2] Mr. Carter also seeks mandamus to compel the trial court to issue findings of fact and conclusions of law; however, Mr. Carter never filed a complaint for mandamus, and therefore, never commenced an action in mandamus. See State ex rel. Bealler v. Ohio Adult Parole Auth. (2001),91 Ohio St.3d 36, 37 (stating that "original actions for extraordinary relief like a writ of mandamus must be commenced by filing a complaint or petition, not by filing a `motion' or an `application'").