OPINION
Appellant, Michael W. Murdock, appeals from the decision of the Portage County Court of Common Pleas denying his untimely petition for postconviction relief without a hearing.
In June 1996, appellant, who was seventeen years old, was charged with murder, in violation of R.C. 2903.02. Following the mandatory bindover procedure, the Portage County Grand Jury indicted appellant on one count of murder, in violation of R.C. 2903.02, with a firearm specification, in violation of R.C. 2941.141.
In September 1996, appellant entered a written plea of guilty to one count of murder. Pursuant to a plea agreement, the firearm specification was dismissed. On September 25, 1996, appellant was sentenced to an indefinite term of imprisonment of fifteen years to life.
On October 22, 1996, Attorney James Aylward filed a timely notice of appeal from appellant's conviction and sentence. On February 20, 1997, one day before the merit brief was due to be filed, Attorney Aylward filed a voluntary notice of dismissal that was granted by this court on March 3, 1997.
On January 28, 1999, appellant, acting pro se, filed a motion to file a delayed appeal from the September 25, 1996 judgment entry accepting appellant's plea of guilty and sentencing him to an indefinite tem of imprisonment of fifteen years to life. We denied appellant's motion because he failed to provide any specific reason for his delay of over two years and he had already filed, and dismissed, a direct appeal from the same judgment entry.
On December 11, 2000, appellant, acting pro se, filed an untimely petition for postconviction relief that the trial court dismissed on January 4, 2001.
Appellant now asserts the following assignments of error for our review:
 "[1.] The trial court erred in granting the states [sic] motion to dismiss appellants [sic] Petition for Postconviction Relief in the Alternative of Appellate Rule 26(B)(5).
 "[2.] The appellant has been denied effective assistance of appellate counsel in violation of the sixth and fourteenth amendment under [sic] the United States Constitution.
 "[3.] The appellants [sic] guilty plea was involuntary and unintelligently made due to his trial counsels [sic] ineffectiveness."
 In appellant's first assignment of error, he argues that the trial court erred in dismissing his motion styled "Petition for Post-conviction Relief Pursuant to Crim.R. 35 and in the Alternative of [sic] Appellate Rule 26(B)(5)." Appellee argues that appellant's petition for postconviction relief was untimely and failed to meet the requirements set forth in R.C. 2953.21 and 2953.23.
R.C. 2953.21(A)(2) provides that a petition for post conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *."
In the case sub judice, appellant filed a direct appeal on October 22, 1996. The trial transcript was filed in this court on December 2, 1996. Under R.C. 2953.21(A)(2), appellant's petition for postconviction relief should have been filed on or before June 2, 1997, one hundred eighty days after the transcript was filed. Appellant did not file his petition for postconviction relief until December 11, 2000, almost three and one-half years after the deadline for filing a timely petition for postconviction relief, and fifteen months after his motion for delayed appeal was denied.
A court will not entertain an untimely petition for postconviction relief unless the petitioner shows: "(1) the magnitude of the error is so great that but for the mistake, no reasonable trier of fact would have found him guilty, and (2) there is a very good excuse for the delay in filing the petition." State v. Beaver (1998), 131 Ohio App.3d 458, 462.
"The statute, [R.C. 2953.23(A)(1)], provides that only two excuses will be accepted — where (1) the petitioner was `unavoidably prevented' from discovering the facts upon which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right." Id. Additionally, the petitioner must show "that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A)(2).
Appellant has not offered any excuse for his delay in filing a petition for postconviction relief and the record is devoid of any reason prohibiting him filing his petition within the one hundred eighty days set forth in the statute. We note that in appellant's third assignment of error, he argues that his trial counsel's advice and failure to object resulted in his entering an uninformed and involuntary plea of guilty. Even if these allegations were true, appellant was not unavoidably prevented from discovering these alleged facts; he had knowledge of these facts since he entered his plea in 1996, and he could have raised these issues within the statutory one hundred eighty-day period.
Further, the plain language of the statute prohibits appellant, who was convicted pursuant to a guilty plea, from filing a petition for postconviction relief. An appellant convicted pursuant to a plea of guilty, not by reason of trial, "cannot satisfy the requirement of R.C.2953.23(A)(2) that `but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.'" State v. Klepper (July 20, 2001), Portage App. No. 2000-P-0053, unreported, 2001 Ohio App. LEXIS 3280, at *6.; citing State v. Halliwell (1999), 134 Ohio App.3d 730, 735.
Next, we will briefly address appellant's mischaracterization of his December 11, 2000 petition for postconviction relief as a "Petition for Post-conviction Relief Pursuant to Crim.R. 35 and in the Alternative of [sic] Appellate Rule 26(B)(5)." Trial courts lack jurisdiction to consider an application for reopening under App.R. 26. Pursuant to the appellate rules, a motion for reopening "shall be filed in the court ofappeals where the appeal was decided within ninety days from journalization of the appellate judgement unless the applicant shows good cause for filing at a later time * * *." (Emphasis added.) App.R. 26(B)(1).
Appellant's first assignment of error lacks merit. In his second assignment of error, appellant argues that he was denied effective assistance of appellate counsel. In support of this argument, appellant asserts that he was unaware that his attorney, James Aylward, moved this court to voluntarily dismiss appellant's direct appeal. Apparently, appellant obtained this information only by reading our August 16, 1999 decision denying his pro se motion for a delayed appeal.
Appellant's contention that he was deprived of effective assistance of appellate counsel should have been raised in an application for reopening before this court. "An application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In the instant case, however, appellant failed to file an application for reopening before this court and even if this court were to construe the present appeal as a motion for reopening pursuant to App.R. 26, appellant has failed to show good cause for such a lengthy delay in filing.
Appellant's second assignment of error is without merit. In appellant's third assignment of error, he argues that his guilty plea was involuntary and unintelligently made, and, therefore, must be vacated. In opposition, appellee contends that because this issue was raised in an untimely petition for postconviction relief, it cannot be entertained unless the requirements set forth in R.C. 2953.23 are met.
Review of the trial court record reveals that appellant has only raised this issue in his untimely petition for postconviction relief, not in a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. As discussedsupra, appellant's untimely petition for postconviction relief cannot be entertained since he failed to meet the requirements set forth in R.C.2953.21 and 2953.23.
Appellant's third assignment of error lacks merit.
Based on the foregoing, the judgment of the Portage County Court of Common Pleas is affirmed.
O'NEILL, P.J., GRENDELL, J. concur.