OPINION
This is an appeal from the Lake County Court of Common Pleas' denial of the motion of appellant, Roy Schrock, for postconviction relief.
In 1989, a jury found appellant guilty of twenty-two counts of rape, eleven counts of gross sexual imposition, and eleven counts of kidnapping. On June 6, 1989, appellant was sentenced to multiple prison terms, including twenty-two life sentences, all to be served consecutively.
Appellant thereafter filed a notice of appeal in this court, and pursued his direct appeal of the conviction. We affirmed appellant's conviction. Appellant subsequently filed a motion for leave to appeal to the Supreme Court of Ohio, which was overruled.
On July 3, 2000, appellant filed a motion for postconviction relief in the Lake County Court of Common Pleas. In his motion, he argued that, because of DNA samples taken from him by the Ohio Department of Corrections under the authority of R.C. 2901.07, he had new evidence which he could use to prove actual innocence. Appellant requested that the court have an evidentiary hearing to determine his guilt or innocence based upon the DNA evidence.
The trial court overruled appellant's motion for postconviction relief, holding that his motion was untimely, and that he had not met the criteria under which a delayed petition for postconviction relief may be heard.
From that judgment, appellant raises the following assignment of error:
 "[1.] The Appellant properly presents this evidentiary matter in the trial court to cause `reasonable probability' sufficient to undermine the confidence in the verdict in this case. The DNA evidence held by the State is potentially useful in determining a miscarriage of justice and establishing the actual innocence of the Appellant. ORC § 2953.23, Art I, § 16, Ohio Constitution, 5th, 6th and 14th Amendments, U.S. Constitution."
Under R.C. 2953.21(A)(2), a petition for postconviction relief must be filed within one hundred eighty days after the transcript has been filed in the court of appeals, if an appeal is filed. Prior to the enactment of these limits in 1995, postconviction petitions had no statute of limitations.
Persons whose sentences were imposed before the effective date of the 1995 legislation do not have an unlimited time to file their petitions for postconviction relief, however. This court has stated that:
 "Section 3 of S.B. No. 4, contained a savings clause, which reads:
 "`A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.'"
State v. Beaver (1998), 131 Ohio App.3d 458, 461-462. Under the one-year provision of this savings clause, appellant's petition for postconviction relief should have been filed by September 23, 1996. See State v. Bowens
(June 26, 1998), Ashtabula App. No. 97-A-0004, unreported, 1998 Ohio App. Lexis 2913 at *5-6.
Appellant did not file his petition, however, until July 3, 2000, almost four years beyond the time limit. Because appellant's petition is untimely, the court may only hear it if appellant shows that the conditions listed in R.C. 2953.23 apply. R.C. 2953.23 lists two conditions which must both be met before a petition for postconviction relief, filed after the expiration of the statutory time period, will be considered. First, appellant must show that either:
 "(a) [he] shows that [he] was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief" or
 "(b) [S]ubsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(a)-(b)."
Then, appellant must show:
 "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A)(2).
Appellant bases his claim that he was unavoidably prevented from discovering the facts necessary for his petition on the fact that the state did not collect a DNA sample from him, under authority of R.C.2901.07, until sometime after 1998. Appellant's reliance on these facts is unfounded.
R.C. 2901.07, on which appellant mistakenly relies, is a statute designed to facilitate the Bureau of Criminal Investigations' work of investigating crimes. It is not a statute designed to provide a criminal defendant's sole means of obtaining a DNA sample. The fact that the state had not taken a sample of appellant's DNA, for its own investigatory purposes, until 1998, does not prove that appellant was unavoidably prevented from obtaining a sample of his own DNA. Appellant could have, at any time before trial, or up until September 23, 1996, obtained a sample of his own DNA. Nothing prevented him from doing so, and thus, appellant was not unavoidably prevented from obtaining any facts related to his own DNA.
Furthermore, appellant fails to show, by clear and convincing evidence, that no reasonable jury would have convicted him of the crimes of which he was accused. Other than an unsupported statement by appellant that his DNA sample should be tested against evidence in the possession of the prosecutor, there is no indication that any DNA evidence was even collected in this case. Without a sample to compare appellant's DNA to, any such evidence is useless. Thus, appellant cannot prove, by clear and convincing evidence, that no reasonable jury would have convicted him of the crimes. Appellant's assignment of error is without merit. The judgment of the Lake County Court of Common Pleas is affirmed.
O'NEILL, P.J., CHRISTLEY, J., concur.