OPINION
{¶ 1} Appellant, Richard P. Dabelko, appeals the October 25, 2001 judgment entry from the Niles Municipal Court overruling his motion to vacate judgment or withdraw his no contest plea.
 {¶ 2} On March 27, 2001, appellant filed a motion entitled "Defendant's Petition for Post-Conviction Relief; or, in the Alternative, Motion for Withdrawal of `No Contest' Plea." As grounds for the motion, appellant claims that there was a denial or infringement of his rights, which would render the judgment void or voidable under theFourteenth Amendment to the United States Constitution. This is in regard to a 1986 conviction for driving under the influence, which was entered upon the trial court's acceptance of appellant's no contest plea. In a judgment entry dated October 25, 2001, the trial court overruled appellant's motion to vacate the conviction. Specifically, the trial court stated that appellant's "Motion to Vacate Conviction and Plea is Overruled." Appellant timely filed the instant appeal and now advances a single assignment of error:
 {¶ 3} "[1.] The trial court erred in denying [a]ppellant's [p]etition for [p]ost-[c]onviction [r]elief; [o]r, [i]n the [a]lternative, [m]otion for [w]ithdrawal of `[n]o [c]ontest' plea."
 {¶ 4} Preliminarily, we note that the record on appeal contains an affidavit dated January 23, 2002, from the Niles Municipal Court Deputy Clerk, which states that she was employed with the court in such capacity in 1986, and that a "tape recording was most likely made of the 10/27/86 proceedings" but "[t]hat recording, together with other tape-recorded proceedings, was found to be inaudible and, some time ago, destroyed in the ordinary course of court business." This court granted appellant's motion to supplement the record with the foregoing affidavit on February 11, 2002. However, we instructed appellant to produce either an App.R. 9(C) or (D) statement to be used in lieu of the transcript of any oral proceeding and the record. Appellant filed a motion to supplement the record with an App.R. 9(D) statement indicating that the "10/27/86 criminal proceeding occurred essentially as reflected in the Niles Municipal Court Docket Sheet that [was] already * * * transmitted as a part of the record on this appeal." On March 22, 2002, this court granted appellant's motion.
 {¶ 5} Under his sole assignment of error, appellant argues that the "no contest" plea in the petty offense misdemeanor case was invalid as there was no record showing that the court informed appellant of the effect of his plea before accepting it. Appellant also claims that the temporal constraints contained in R.C. 2953.21(A)(2) may not bar relief from a judgment of conviction entered before the effective date of those constraints where the conviction is later used to enhance the punishment for another criminal conviction, which is unrelated. Finally, appellant alleges that under Crim.R. 32.1, the trial court should set aside a judgment of conviction entered on a constitutionally defective "no contest" plea and allow appellant to withdraw that plea to prevent a manifest injustice.
 {¶ 6} Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal" if no appeal is taken. A court will not entertain an untimely petition for post-conviction relief unless the petitioner shows: "(1) the magnitude of the error is so great that but for the mistake, no reasonable trier of fact would have found him guilty, and (2) there is a very good excuse for the delay in filing the petition." State v. Beaver (1998),131 Ohio App.3d 458, 462.
 {¶ 7} "The statute [R.C. 2953.23(A)(1)] provides that only two excuses will be accepted: (1) where the petitioner was unavoidably prevented from discovering the facts that the petition is predicated upon, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right." Id. Additionally, the petitioner must show "that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A)(2).
 {¶ 8} In the instant matter, appellant has not offered any excuse for his delay in filing a petition for post-conviction relief, and the record is devoid of any reason which prohibited him from filing his petition within the one hundred eighty days set forth in R.C. 2953.21(A)(2). Appellant argues that he entered a no contest plea without being informed about the effect of the plea. Even if these allegations were true, appellant was not "unavoidably prevented" from discovering the alleged facts. Appellant had knowledge of these facts since he entered his plea in 1986, and he could have raised the issue within the statutory one hundred eighty-day period. Additionally, a review of appellant's petition fails to show by clear and convincing evidence that but for constitutional error at trial, no reasonable factfinder would have found appellant guilty. We conclude that appellant's petition was untimely and, therefore, the trial court did not have jurisdiction over appellant's petition.
 {¶ 9} Furthermore, R.C. 2953.21 is a general provision, which governs assertions claiming the denial of constitutional rights, whereas Crim.R. 32.1 is a special provision that applies only to motions to withdraw a no contest plea. State v. Cale (Mar. 23, 2001), 11th Dist. No. 2000-L-034, 2001 WL 285794, at 3. Crim.R. 32.1 states that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." While petitions filed under R.C.2953.21 are subject to an explicit time limitation, motions under Crim.R. 32.1 are not.
 {¶ 10} Accordingly, a defendant who attempts to withdraw a plea after the sentence has been imposed must demonstrate a manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. The burden of establishing the existence of a manifest injustice is upon the defendant seeking the vacation of the plea. Id. Although Crim.R. 32.1 does not provide a time limit after the imposition of sentence during which a motion to withdraw a plea must be made, it has been held that an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion. Id. at paragraph three of the syllabus. To reverse the trial court's decision to deny appellant's motion to withdraw his plea, we must conclude that the trial court abused its discretion.State v. Caraballo (1985), 17 Ohio St.3d 66, 67.
 {¶ 11} In the case sub judice, the crux of appellant's motion is that his plea was not entered into knowingly or intelligently because there is no record showing that the trial court informed him of the effect of his plea. However, appellant was sentenced on October 27, 1986, and did not file his petition until March 27, 2001. It defies basic common sense to suggest that it took appellant over fourteen years to investigate and discover any injustice that may have occurred as a result of his no contest plea. Hence, it is our view that appellant has not demonstrated that the withdrawal of his no contest plea is necessary to correct a manifest injustice. Although the trial court did not articulate the foregoing as a basis for its decision, we cannot conclude that the trial court abused its discretion by denying appellant's petition or motion.
 {¶ 12} Appellant also argues that when he was sentenced in 1986, there were no time constraints in accordance with R.C. 2953.21. He further posits that under the constitutional ex post facto laws, the time constraints may not now be imposed to deny him relief from his driving under the influence conviction. However, we note that the version of R.C. 2953.21 at issue became effective on September 21, 1995. Prior to the amendment, the post-conviction relief statute allowed a petitioner to file a post-conviction relief petition at any time after his conviction.State v. Rogers (Feb. 17, 2000), 8th Dist. No. 76627, 2000 WL 193248. The legislature also included a section of uncodified law in the newer version of Section 3, Am.Sub.S.B. No. 4, which provides:
 {¶ 13} "A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later." Id.
 {¶ 14} "The `obvious intent' of the General Assembly with the newer version of R.C. 2953.21(A)(2) is to place a time limitation on post-conviction actions." State v. Hayden (Dec. 6, 2001), 10th Dist. No. 01AP-728, 2001 WL 1548949, at 2, citing State v. Price (Sept. 29, 1998), 10th Dist. No. 98AP-80. Some districts in the state have held that the time limitation imposed by R.C. 2953.21 does not violate the ex post facto clause of the Constitution, and we adopt their view. See Hayden, supra, citing State v. Ayala (Nov. 10, 1998), 10th Dist. No. 98AP-349; State v. Risner (May 13, 1999), 3d Dist. No. 12-98-12, 1999 WL 378393, at 2. "The time limits imposed by R.C. 2953.21(A) do not change the quantum of punishment, or attach any new legal consequences to the events completed before its enactment." Ayala, supra, at 3.
 {¶ 15} In the present case, since appellant was convicted before the effective date of the statute, he was required to file his motion for post-conviction relief within one year after the effective date of the amended statute. However, he did not file his petition within the time parameters specified in the statute; thus, the trial court lacked jurisdiction to determine the issues raised in his petition unless one of the exceptions to the time requirement within R.C. 2953.23(A) applied. Since we have already determined that the exceptions do not apply, appellant's argument lacks merit.
 {¶ 16} For the foregoing reasons, appellant's lone assignment of error is not well-taken. The judgment of the Niles Municipal Court is affirmed.
JUDITH A. CHRISTLEY, J., DIANE V. GRENDELL, J., concur.