{¶ 1} Pro-se notice of appeal was filed in this matter on January 24, 2003, from a January 8, 2003, judgment of the Jefferson County Common Pleas Court, denying Appellant's Petition to Vacate or Set Aside Sentence, which he filed on September 3, 2002.
 {¶ 2} The Clerk's docket record demonstrates that Appellant was originally sentenced on April 5, 2000, after he pled guilty to two counts of failing to file an income tax return. He appealed the sentence and on November 27, 2000, the judgment was affirmed. (Case No. 00 JE 15). A review of the docket record for the direct appeal reveals that the transcript of proceedings for that appeal was filed on May 11, 2000.
 {¶ 3} Under R.C. § 2953.21(A)(2):
 {¶ 4} "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction "
 {¶ 5} Consideration of this postconviction petition filed more than two (2) years after the transcript was filed is time-barred. The trial court lacked jurisdiction to consider the petition in the absence of Appellant demonstrating that he should have been allowed to file a delayed petition. R.C. § 2953.23(A). State v. Beaver (1998),131 Ohio App.3d 458, 722 N.E.2d 1046; State v. Hill (1998),129 Ohio App.3d 658, 718 N.E.2d 978. We note that although Appellant apparently absconded, for approximately two years, after this Court entered its judgment of affirmance, the applicable statutes were not tolled by Appellant's voluntary action in leaving the area to avoid serving his sentence.
 {¶ 6} Because the petition was untimely, the trial court had no jurisdiction to consider the merits of the petition. We hereby enter a judgment of dismissal of the petition. Beaver, supra. Costs of this proceeding taxed against Appellant.
Waite, P.J., Vukovich and DeGenaro, JJ., concur.