JOURNAL ENTRY AND OPINION.
{¶ 1} Appellant, pro se, appeals the decision of the trial court, which denied appellant's petition for postconviction relief because it was not timely filed.
 {¶ 2} In 1990, appellant was indicted by the Cuyahoga County Grand Jury for one count of drug possession in violation of R.C. 2925.11 and appellant pled guilty to the indictment. Eleven years later in 2001, appellant filed his petition for postconviction relief. In 2003, the trial court adopted the State of Ohio's proposed findings of fact and conclusions of law and denied appellant's petition for postconviction relief because it was untimely. Appellant now appeals. For the following reasons, we affirm the decision of the trial court.
 I. {¶ 1} R.C. 2953.21, Petition for Postconviction Relief, provides in pertinent part:
 {¶ 1} "(A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 {¶ 2} "(2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, thepetition shall be filed no later than one hundred eighty days after theexpiration of the time for filing the appeal." (Emphasis added.)
 {¶ 3} R.C. 2953.23, Time for filing petition; appeals, also provides in pertinent part:
 {¶ 4} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertaina petition filed after the expiration of the period prescribed indivision (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the followingapply:
 {¶ 5} "(1) Either of the following applies:
 {¶ 6} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 7} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 8} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." (Emphasis added.)
 {¶ 9} R.C. 2953.21 was amended on September 21, 1995 to reflect a specific time period of 180 days (or 6 months) in lieu of "at any time." Section 3 of Senate Bill No. 4, which amended R.C. 2953.21, contains a "savings clause" which reads:
 {¶ 10} "A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act [September 21, 1995] * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later." S.B. No. 4; see, also, State ex rel. Kimbroughv. Greene, 98 Ohio St.3d 116, 2002-Ohio-7042, at ¶ 6, citing Statev. Beaver (1998), 131 Ohio App.3d 458, 461-62, 722 N.E.2d 1046.
 {¶ 11} Here, because appellant was convicted in 1990, five years prior to the amendment to R.C. 2953.21, the "savings clause" of Section 3 of Senate Bill No. 4 required appellant to file his petition for postconviction relief no later than September 21, 1996, which would have been one year from the effective date of the amendment to R.C. 2953.21, or September 21, 1995.[1] Appellant did not file his petition for postconviction relief until August 24, 2001 — virtually five years after it was required to be filed under R.C. 2953.21. Appellant's petition for postconviction relief was not timely.
 {¶ 12} For the trial court to have authority to consider an untimely postconviction relief petition under R.C. 2953.23(A), the petitioner "must specify new evidence, demonstrate they were `unavoidably prevented' from discovering this new evidence, and show this new evidence demonstrates petitioner would not have been found guilty." State v.Peeples, Cuyahoga App. No. 81711, 2003-Ohio-183, at ¶ 12. "If these criteria are not met, the trial court may not even `entertain' a delayed petition." Id. Likewise, "a decision that a petition is time-barred precludes any further inquiry into its merits." Beaver,131 Ohio App.3d at 464.
 {¶ 13} Here, appellant does not contend that there is new evidence that he was "unavoidably prevented" from discovering. Even if appellant so argued, appellant's untimely petition for postconviction relief was properly denied by the trial court because appellant, as required by R.C.2953.23(A)(2), cannot show any evidence, much less "clear and convincing evidence," that "but for constitutional error at trial, no reasonable factfinder would have found" appellant guilty. Appellant pled guilty to drug possession and no trial occurred; therefore, R.C. 2953.23(A)(2) does not apply.
 {¶ 14} Because appellant's petition for postconviction relief was not timely filed, we affirm the trial court's decision to deny such petition.
Judgment affirmed.
JAMES J. SWEENEY, J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] Although on June 15, 2001, appellant filed a motion to file a delayed appeal of his conviction, this court denied appellant's motion on August 7, 2001. Thus, appellant did not timely file his petition for postconviction relief pursuant to the first part of R.C. 2953.21(A)(2), which was 180 days after the trial transcript was filed in the court of appeals on a direct appeal.