[Cite as *State v. Jackson*, 2017-Ohio-7985.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                         Court of Appeals No.  L-17-1084

        Appellee                                    Trial Court No.  CR0200902473

v.

Michael L. Jackson                              **DECISION AND JUDGMENT**

        Appellant                                   Decided:  September 29, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Michael Jackson, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Michael L. Jackson, pro se, appeals the March 17, 2017 judgment of the Lucas County Court of Common Pleas which denied his petition for postconviction relief.  For the reasons below, we affirm.

**{¶ 2}** On June 1, 2010, following no contest pleas to possession of crack cocaine with a major drug offender specification and aggravated drug trafficking, appellant was sentenced to 14 years of imprisonment with ten years mandatory. On direct appeal, this court affirmed appellant's convictions and sentence. *State v. Jackson*, 6th Dist. Lucas No. L-10-1227, 2011-Ohio-494.

**{¶ 3}** On March 2, 2017, appellant filed a petition for postconviction relief arguing that the Supreme Court of Ohio's decision in *State v. Gonzales*, Slip Opinion No. 2016-Ohio-8319 (*Gonzales I*), necessitated that his conviction be vacated and that the state be required to prove the weight of the crack cocaine, excluding any fillers. On March 14, 2017, appellant filed a second or "supplement" to his petition arguing the application R.C. 2929.14, as amended by H.B. 86, which removed the distinction in criminal penalties between crack cocaine and powdered cocaine. Appellant requested an evidentiary hearing.

**{¶ 4}** The state opposed the petition noting that the Supreme Court of Ohio had granted reconsideration of the decision and, upon reconsideration, held that the offense level for possession of cocaine is determined by total weight of the drug, including any fillers. *State v. Gonzales*, Slip Opinion No. 2017-Ohio-777 ("*Gonzales II*"). The state further argued that the petition was untimely.

**{¶ 5}** On March 17, 2017, the trial court summarily denied the petition. This appeal followed with appellant raising the following assignment of error:

2.

Assignment of Error No. 1: The appellant's sentence was not

knowingly, intelligently, and voluntarily made, thereby, contrary to law in

violation of the due process and Article I, Section 16 of the Ohio

Constitution.

**{¶ 6}** In his sole assignment of error, appellant contends that that the Supreme

Court of Ohio should not have reconsidered its decision in *Gonzales I* and that, based on

that decision, his plea was not knowing and voluntary. Appellant quotes extensively

from *Gonzales II*'s dissenting opinions in making the argument that the state's motion for

reconsideration failed to raise an obvious error and was simply an attempt to get a second

"bite at the apple."

**{¶ 7}** We first note that "a trial court's decision granting or denying a

postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse

of discretion." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶

58. Further, petitions for postconviction relief are to be filed within 365 days after the

date on which the trial transcript is filed in the court of appeals unless the time limit is

excused. R.C. 2953.21(A)(2).[1] The filing time requirement is jurisdictional, and if a

petition has been untimely filed, the trial court cannot consider the substantive merits of

the petition and must summarily dismiss it without addressing the merits of the petition.

---

[1] Prior R.C. 2953.21(A)(2), effective July 6, 2010, provided a 180-day limit for the filing
of a postconviction petition. Appellant's petition is untimely under either version.

3.

*State v. Flower*, 7th Dist. Mahoning No. 14 MA 148, 2015-Ohio-2335, ¶ 12, citing *State v. Beaver*, 131 Ohio App.3d 458, 461, 722 N.E.2d 1046 (11th Dist.1998).

{¶ 8} R.C. 2953.23(A) provides an exception to the time limit based upon whether appellant was "unavoidably prevented" from discovering facts upon which he based his petition or that the United States Supreme Court has recognized a new, retroactive right and, but for the constitutional error at trial, no "reasonable factfinder" would have convicted appellant.

{¶ 9} Based on the Supreme Court of Ohio's decision in *Gonzales II* (of which the dissents have no precedential value), and appellant's failure to provide any other basis for relief or explanation for the late filing of the petition, we must find that the trial court did not abuse its discretion when it denied appellant's petition for postconviction relief. Appellant's assignment of error is not well-taken.

{¶ 10} On consideration whereof, we find that appellant was not deprived of a fair proceeding and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment Affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE