OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendant-Appellant, Dowell Wayne Norris, appeals the decision of the Monroe County Court of Common Pleas that found Norris guilty of two counts of illegal assembly or possession of chemicals for the manufacture of drugs and sentenced him to a total of ten years in prison. On appeal, Norris argues that the trial court improperly admitted evidence of a prior incident in West Virginia, that his counsel was ineffective, that his convictions are not supported by sufficient evidence and are against the manifest weight of the evidence, and that his sentence violates his right to a jury trial.
 {¶ 2} These arguments are all meritless. Norris' challenges to the admissibility of the evidence used against him are meritless because that evidence was relevant and helped establish the element of criminal intent. He cannot point to any evidence in the record demonstrating his counsel's ineffectiveness. His convictions are supported by the evidence in the record. Finally, Norris' sentence was constitutionally imposed upon him. Accordingly, the trial court's decision is affirmed.
 Facts {¶ 3} On September 13, 2005, Norris and a friend, Sheila Walker, traveled from West Virginia to Clarington, Ohio, to attend a friend's funeral. After the funeral, the two drove to an agricultural store in Woodsfield, Ohio, where Norris purchased two gallons of iodine tincture. The two then drove to a grocery store in Woodsfield, where Norris purchased fourteen boxes of Contac cold pills and two boxes of Sudafed tablets. Clerks from these two stores reported the sales to the police. An officer from the Bureau of Criminal Investigations said that these chemicals, when purchased in these quantities, were almost always used to manufacture methamphetamines.
 {¶ 4} Witnesses identified the license plate of Walker's vehicle and a security camera in the grocery store recorded Norris' purchase. Walker was later convicted of manufacturing methamphetamines in federal court. She confirmed both that Norris had purchased these items and that he manufactured methamphetamines.
 {¶ 5} On October 21, 2005, Norris was indicted for two counts of illegal assembly *Page 2 
or possession of chemicals for the manufacture of drugs, one of which contained a specification that the offense was committed in the vicinity of a school. The case proceeded to trial on April 28, 2006. At the conclusion of the trial, the jury found Norris guilty of both counts in the indictment, but rendered no verdict on the specification. The trial court sentenced Norris to the maximum on both counts and ordered that those sentences be served consecutively, for a total of ten years imprisonment. It is from this judgment that Norris timely appeals.
 {¶ 6} Norris initially filed his appellate brief which we rejected as unsatisfactory. We gave Norris fourteen days to file a new brief and it is this second brief which we will be using when discussing this appeal. We will be addressing Norris' arguments in a different order than they were presented to clarify our analysis.
 Evidence from West Virginia {¶ 7} In August 2004, Norris was arrested in a trailer containing a methamphetamine lab in West Virginia. The State used this as evidence against him in this case in order to show that he purchased iodine and cold pills in order to manufacture methamphetamines. In his first three of eight assignments of error, Norris challenges the admission of this evidence. Those assignments of error argue:
 {¶ 8} "The trial court erred in permitting the State of Ohio to introduce into evidence photographs of exhibits which were seized on August 4, 2004 in Kanawha County, West Virginia."
 {¶ 9} "The trial court erred in permitting the State of Ohio to introduce into evidence exhibits of items seized in Kanawha County, West Virginia for which no prosecution of Appellant was sought."
 {¶ 10} "The State of Ohio deprived the Defendant of a fair trial by the introduction into evidence of repeatedly referring to the Kanawha County, West Virginia incidents of August 4, 2004."
 {¶ 11} Evid.R. 402 states that relevant evidence is generally admissible, but that "[e]vidence which is not relevant is not admissible." "`Relevant evidence' means evidence *Page 3 
having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. A trial court's decision on the relevance of any evidence is reviewed for an abuse of discretion. State v. Allen, 73 Ohio St.3d 626, 633, 1995-Ohio-0283; State v. Lyles (1989), 42 Ohio St.3d 98, 99. The phrase "abuse of discretion" implies that the trial court's attitude, as evidenced by its decision, was unreasonable, arbitrary, or unconscionable. State v. Busch, 76 Ohio St.3d 613, 616, 1996-Ohio-0082.
 {¶ 12} In this case, Norris was convicted of two counts of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A). That offense is defined as follows:
 {¶ 13} "No person shall knowingly assemble or possess one or more chemicals that may be used to manufacture a controlled substance in schedule I or II with the intent to manufacture a controlled substance in schedule I or II in violation of section 2925.04 of the Revised Code." Id.
 {¶ 14} Thus, one of the key elements of this offense is that Norris intended to manufacture a controlled substance. Methamphetamine is a Schedule II drug. R.C. 3719.41, Schedule II((C)(2).
 {¶ 15} The evidence from West Virginia is clearly relevant because it tends to show that Norris knew how to manufacture methamphetamines, which supports an inference that Norris intended to use the chemicals he possessed in that manufacturing process.
 {¶ 16} Norris argues that this evidence is inadmissible despite its relevance because it is impermissible character evidence of prior bad acts. Character evidence is generally not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion. Evid.R. 404(A). Thus, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evid.R. 404(B). This rule of evidence is in accord with R.C.2945.59, which *Page 4 
allows this kind of evidence to come in for particular purposes in a criminal case.
 {¶ 17} "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant." Id.
 {¶ 18} "The focus of the inquiry into the admissibility of other-acts evidence is whether the evidence is being offered for the impermissible purpose of proving that the accused acted in conformity with his or her criminal character in committing the charged offenses, or whether the evidence is being offered for another purpose." State v. Pearson (1996),114 Ohio App.3d 168, 185. Because Evid.R. 404(B) and R.C. 2945.59
contain exceptions to the common-law rule that such other-acts evidence is inadmissible, both provisions must be construed strictly against the admissibility of such evidence. State v. Broom (1988),40 Ohio St.3d 277, paragraph one of the syllabus.
 {¶ 19} As stated above, this evidence helps prove Norris' intent because it shows that he was familiar with methamphetamine labs. Accordingly, the trial court did not err in admitting this evidence under either Evid.R. 404 or R.C. 2945.59. Moreover, since this evidence was both relevant and admissible, the admission of this evidence did not deny Norris of his right to a fair trial. For these reasons, the arguments in Norris' first three assignments of error are meritless.
 Ineffective Assistance of Counsel {¶ 20} In his eighth assignment of error, Norris argues:
 {¶ 21} "Appellant was represented by court-appointed counsel who was without the necessary resources to adequately investigate the incidences which occurred in the State of West Virginia; therefore, Appellant was denied the effective assistance of counsel."
 {¶ 22} To prevail on a claim of ineffective assistance of counsel, a defendant must *Page 5 
demonstrate counsel's performance was deficient and that deficient performance prejudiced the defense. Strickland v. Washington (1984),466 U.S. 668, 687. A properly licensed attorney is presumed to execute his duties in an ethical and competent manner. State v. Smith (1985),17 Ohio St.3d 98. Ineffectiveness is demonstrated by showing that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment. State v. Hamblin (1988),37 Ohio St.3d 153. To establish prejudice, a defendant must show there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland at 694. A reasonable probability must be a probability sufficient to undermine confidence in the outcome of the case. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. The defendant bears the burden of proof in demonstrating ineffective assistance of counsel. State v. Smith
(1985), 17 Ohio St.3d 98.
 {¶ 23} Counsel has the duty to investigate the law and the facts relevant to the charges against his client. State v. Parks (1990),69 Ohio App.3d 150, 156. However, Norris has failed to point to any evidence in the record demonstrating that his counsel actually failed to investigate these issues. Without such evidence, Norris has failed to meet his burden of proving that trial counsel was ineffective. Accordingly, the arguments in Norris' eighth assignment of error are meritless.
 Sufficiency and Manifest Weight of the Evidence {¶ 24} In his fourth, sixth, and seventh assignments of error, Norris challenges the sufficiency and weight of the evidence supporting his convictions. Those assignments of error argue:
 {¶ 25} "The State of Ohio failed to establish that Appellant possessed or acquired substances which were legal to purchase for any criminal purpose, i.e. criminal intent."
 {¶ 26} "The trial court erred in failing to sustain the motion of Appellant for a dismissal of the charges at the conclusion of the State's case."
 {¶ 27} "The verdict of conviction is contrary to law and against the manifest weight of the evidence." *Page 6 
 {¶ 28} As the Ohio Supreme Court has stated, arguments concerning the "sufficiency of the evidence" should not be confused with those addressing the "manifest weight of the evidence." State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-0052, paragraph two of the syllabus. "Sufficiency of the evidence" is "`a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.'" Id. at 386, quoting Black's Law Dictionary (6 Ed.1990) 1433. The relevant inquiry when determining whether the evidence is sufficient to support the verdict "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of facts." Id. at 273. Whether the evidence is legally sufficient is a question of law.Thompkins at 386.
 {¶ 29} In contrast, when reviewing whether a conviction was against the manifest weight of the evidence, we must "examine whether the evidence produced at trial `attains the high degree of probative force and certainty required of a criminal conviction.'" State v.Tibbetts, 92 Ohio St.3d 146, 163, 2001-Ohio-0132, quoting State v.Getsy, 84 Ohio St.3d 180, 193, 1998-Ohio-0533. In order to do this, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the fact-finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. "`Weight is not a question of mathematics, but depends on its effect in inducing belief" (Emphasis sic.)Thompkins at 387, quoting Black's Law Dictionary (6 Ed.1990) 1594.
 {¶ 30} Norris does not challenge the fact that he possessed one or more chemicals that may be used to manufacture methamphetamine. Instead, he argues that the State did not prove that he had the requisite intent to manufacture methamphetamine. However, the record convincingly shows that Norris had the requisite criminal intent when *Page 7 
he purchased and possessed chemicals used in the manufacture of methamphetamines.
 {¶ 31} On September 13, 2005, Norris purchased two gallons of tincture iodine from an agricultural store. He also purchased fourteen boxes of Contac cold capsules and two boxes of Sudafed from a grocery store the same day. The clerk at the grocery store testified that this was a "relatively large" amount of those medications and that it was "unusual" to sell that amount of cold medication in one sale. An expert with the Bureau of Criminal Investigations testified that Contac and Sudafed both contain pseudoephedrine, which is the primary ingredient to make methamphetamine. He also testified that iodine tincture is typically used in the manufacture of methamphetamines and people who buy multiple gallons almost always do so for illegitimate reasons.
 {¶ 32} One of Norris' friends, Sheila Walker, has been convicted of manufacturing methamphetamines in Federal Court. She testified that she had discussed methamphetamine manufacturing with him and that he had told her that he made methamphetamines. He had also assisted her, from time to time, in various stages of methamphetamine production. She was with Norris on September 13, 2005, and knew that he bought both the iodine tincture and cold medication that day. She "flipped out" when she found out how much medication he bought at one place because that would probably cause suspicion.
 {¶ 33} Another associate of Norris', Samantha Boley, testified that she had seen Norris manufacturing methamphetamines both at Walker's home and in a motel room.
 {¶ 34} Finally, police officers from West Virginia testified that they had, in the past, arrested Norris in the middle of a methamphetamine manufacturing laboratory.
 {¶ 35} This evidence shows that Norris was intimately aware of the process of manufacturing methamphetamines and that the amount of iodine tincture and cold tablets he purchased was consistent with the manufacture of methamphetamines. These facts, when combined, reasonably support the inference that Norris purchased the chemicals in question on September 13, 2005, for the purpose of manufacturing methamphetamines. Norris' arguments to the contrary are meritless. *Page 8 
 Sentencing {¶ 36} In his fifth assignment of error, Norris argues:
 {¶ 37} "The maximum sentences imposed upon Defendant-Appellant are erroneous because the factors considered by the sentencing court in the imposition of said sentences were not found beyond a reasonable doubt by a jury."
 {¶ 38} In making this argument, Norris cites to the United States Supreme Court's decisions in Blakely v. Washington (2004), 542 U.S. 296, and United States v. Booker (2005), 543 U.S. 220. Those cases held that a trial court could not sentence an offender to more than it was allowed to impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant unless those facts, other than the fact of a prior conviction, were submitted to a jury and proved beyond a reasonable doubt.
 {¶ 39} Any dispute over whether this holding applied to Ohio's felony sentencing scheme was resolved in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-0856. In that case, the Ohio Supreme Court found that portions of Ohio's felony sentencing scheme were unconstitutional. It then severed those unconstitutional statutes, thereby rendering the remaining felony sentencing scheme constitutional. State v. Palmer, 7th Dist. No. 06 JE 20, 2007-Ohio-1572.
 {¶ 40} In this case, Norris was sentenced on June 26, 2006, four months after Foster was decided. Therefore, he has no basis for arguing that the trial court violated his right to a jury trial when it sentenced him to maximum, consecutive sentences.
 {¶ 41} Moreover, the sentencing court is now free to consider any factors it finds relevant. State v. Moore, 7th Dist. No. 06-MA-60,2007-Ohio-1574, at ¶ 9. The sentencing court now has the discretion to impose any sentence within the statutory range and we will only reverse that sentence for an abuse of that discretion. Foster at ¶ 100;Palmer at ¶ 14.
 {¶ 42} In this case, the trial court sentenced Norris to two five-year prison terms, one for each of his two third-degree felonies. Five years is within the statutory range of prison sentences a trial court can impose for third-degree felonies. R.C. 2929.14(A)(3). *Page 9 
There is no reason in the record to conclude that the trial court abused its discretion when reaching this sentence. Accordingly, Norris' fifth assignment of error is meritless.
 Conclusion {¶ 43} Norris raises a variety of issues when challenging his convictions, but each is meritless. Norris' challenge to the admissibility of the evidence used against him is meritless because that evidence was relevant and helped establish the element of criminal intent. He cannot point to any evidence in the record demonstrating his counsel's ineffectiveness. His convictions are supported by the evidence in the record. Finally, Norris' sentence was constitutionally imposed upon him. Accordingly, the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Waite, J., concurs. *Page 1