[Cite as *State v. Norris*, 2013-Ohio-866.]

STATE OF OHIO, MONROE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 11 MO 4 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| DOWELL W. NORRIS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
                              Common Pleas of Monroe County, Ohio
                              Case No. 2005-297

JUDGMENT:                     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:       Atty. Elizabeth A. Matune
                              Special Monroe County Prosecutor/
                              Assistant Attorney General
                              Criminal Justice Section
                              150 East Gay Street, 16th Floor
                              Columbus, Ohio  43215

For Defendant-Appellant:      Dowell Norris, Pro se
                              #537-122
                              Noble Correctional Institution
                              15708 McConnelsville Road
                              Caldwell, Ohio 43724

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                              Dated:  March 8, 2013

WAITE, J.

{¶1} Appellant Dowell W. Norris appeals the dismissal, without a hearing, of a petition for postconviction relief. He was convicted and sentenced in 2006 on two counts of illegal assembly or possession of chemicals for the manufacture of drugs. He was sentenced to two consecutive five-year prison terms. He has had a direct appeal and the judgment was affirmed, and he litigated a habeas petition in federal court, which was denied. Appellant's petition for postconviction relief was not timely filed according to the requirements of R.C. 2953.21(A)(2), and the trial court was correct in dismissing the petition without a hearing. The statute requires the petition to be filed within 180 days of the date that the trial transcript is filed with the court of appeals, and Appellant did not file his petition until four years after that date. The judgment of the trial court is affirmed.

## Case History

{¶2} Appellant was indicted in the Monroe County Court of Common Pleas on October 21, 2005, on two drug counts, violations of R.C. 2925.041(A). The charges were based on Appellant's purchase of two gallons of iodine tincture, along with fourteen boxes of Contac cold capsules and two boxes of Sudafed. These products are used in the manufacture of methamphetamine. *State v. Norris*, 7th Dist. No. 06 MO 5, 2007-Ohio-6915, ¶3. He was convicted by a jury on April 28, 2006. He filed a direct appeal on July 13, 2006. The transcript was filed with this Court on July 18, 2006 and his conviction and sentence were affirmed on December 12, 2007. *Id.* He filed an application to reopen the appeal, which was denied. He attempted a further appeal to the Ohio Supreme Court, but the case was not accepted. 118 Ohio

St.3d 1510, 2008-Ohio-3369, 889 N.E.2d 1027.  He also filed a petition for writ of habeas corpus in federal court, but this was denied.  *Norris v. Warden, NCI*, No. 2:08-CV-732, 2010 WL 1610321 (S.D.Ohio Apr 19, 2010).

**{¶3}**  On April 29, 2011, Appellant filed a petition for postconviction relief pursuant to R.C. 2953.21-23.  On May 13, 2011, the trial court filed a judgment entry denying the petition.  No hearing was held on the matter.  This appeal followed on June 1, 2011.  Appellant's two assignments of error are related and will be treated together.

ASSIGNMENTS OF ERROR NOS. 1 AND 2

TRIAL COURT COMMITTED PLAIN ERROR BY DENYING APPELLANT [SIC] PETITION FOR POST-CONVICTION WITHOUT PROVIDING FINDINGS OF FACTS AND CONCLUSIONS OF LAW WITH RESPECT TO SUCH DISMISSAL.

TRIAL COURT COMMITTED PLAIN ERROR BY DENYING APPELLANT'S POST-CONVICTION PETITION WITHOUT A HEARING ON THE MERITS.

**{¶4}**  This is an appeal of a dismissal of a petition for postconviction relief. An appellate court reviews a trial court's denial of a petition for postconviction relief under an abuse of discretion standard.  *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶58.  An abuse of discretion implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶5}** Appellant's two assignments of error are both related to the dismissal of his petition. He argues that he should have had a hearing before the petition was dismissed and that the trial court should have issued findings of facts and conclusions of law as part of the dismissal. The crucial fact in this appeal is that Appellant's petition was not filed within the 180-day period allowed by R.C. 2953.21(A)(2). As will be discussed below, once this deadline is missed, the trial court has no jurisdiction to take any action other than dismissing the petition. In support of his claim that the court should have issued findings of fact and conclusions of law, Appellant cites R.C. 2953.21(C), which states: "If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal." Appellant fails to cite the equally relevant section of R.C. 2953.21(C) that states: "The court shall consider a petition that is *timely filed* * * *." (Emphasis added.) Findings of fact and conclusions of law are only required for timely filed petitions. *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶6. Appellant's petition was not filed within the time frame established by R.C. 2953.21(A)(2), hence, the trial court had no authority except to dismiss the petition.

**{¶6}** With respect to the failure to hold a hearing, R.C. 2953.21(C) states: "Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief." Once again, if the petition is untimely filed, the court is without jurisdiction to hear the petition.

There are no grounds for relief. Thus, no hearing is necessary or even permitted for an untimely filed petition.

{¶7} A postconviction proceeding is not an appeal of a criminal conviction; it is a collateral civil attack on the judgment. *Gondor* at ¶48; R.C. 2953.21(J). There is no constitutional right to file a petition for postconviction relief, and the only rights afforded to a defendant in postconviction proceedings are those specifically granted by the legislature. *State v. Steffan*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); R.C. 2953.21(J).

{¶8} Petitions for postconviction relief are governed by R.C. 2953.21 through R.C. 2953.23. Pursuant to these statutes, any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights may petition the trial court to vacate or set aside the judgment and sentence. R.C. 2953.21(A).

{¶9} R.C. 2953.21(A)(2) requires that a petition for postconviction relief "be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal." The trial transcript in this matter was filed on July 18, 2006. Therefore, Appellant was required to file his petition by January 8, 2007. He filed his petition on April 29, 2011, more than four years too late.

{¶10} The 180-day time period defined in R.C. 2953.21(A)(2) is jurisdictional: "Unless the defendant makes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider either an untimely or a successive petition for

postconviction relief. *State v. Haschenburger*, 7th Dist. No. 08-MA-223, 2009-Ohio-6527, ¶12; *State v. Palmer*, 7th Dist. No. 08 JE 18, 2009-Ohio-1018, ¶1; *State v. Beuke* (1998), 130 Ohio App.3d 633, 720 N.E.2d 962." *State v. Butler*, 7th Dist. No. 09 JE 1, 2010-Ohio-2537, ¶15.

**{¶11}** Based on the plain language of R.C. 2953.21(A)(2), the only exception to the 180-day requirement is found in R.C. 2953.23(A), which states:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶12} R.C. 2953.23(A)(1)(a) presents two avenues for relief from the 180-day filing requirement, and Appellant must meet the requirements of one of those in order for his arguments on appeal to have any merit. As Appellant does not claim to have been "unavoidably prevented from discovery of the facts" to support his petition, he must satisfy the second part of R.C. 2953.23(A)(1)(a) and demonstrate the existence of some new federal or state right recognized by the United States Supreme Court that applies retroactively to Appellant's situation. Appellant also needs to satisfy the requirements of R.C. 2953.23(A)(1)(b), *i.e.*, that no reasonable factfinder would have found the petitioner guilty of the offense but for the constitutional error.

{¶13} Appellant's explanation for the late filing of his petition appears to be that new caselaw has arisen that now entitles him to relief. He cites the case of *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, which was decided on December 29, 2010. However, the effect of *Johnson* was to revise the law regarding how trial courts determine if two offenses are allied in light of the allied offense statute. The *Johnson* Court held: "When determining whether two offenses are allied offenses of

similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.* at syllabus.

**{¶14}** The Ohio Supreme Court in *Johnson* has no bearing on Appellant's petition for postconviction relief. *Johnson* identified a change in the manner in which a state law is interpreted and applied. It is not a United States Supreme Court case, and thus, does not identify any new, retroactive, federal or state right recognized by the United States Supreme Court. Appellant does not even mention any United States Supreme Court case in his brief. Thus, he is precluded from relief under R.C. 2953.23(A)(1)(a).

**{¶15}** Further, the doctrine of *res judicata* defeats Appellant's claims regarding the application of the allied offense statute. The issue of merger of allied offenses could have been raised on direct appeal, and his failure to raise it on direct appeal prevents it from being raised in support of postconviction relief. *See State v. Timmons*, 10th Dist. No. 11AP–895, 2012-Ohio-2079, ¶11, quoting *State v. Rutledge*, 10th Dist. No. 11AP-853, 2012-Ohio-2036, ¶13 ("even assuming that appellant's petition had been timely, the trial court would have been barred from considering the claims under the doctrine of res judicata as appellant's arguments with respect to allied offenses and merger 'under R.C. 2941.25 could have been resolved in defendant's direct appeal' ").

**{¶16}** In conclusion, Appellant is challenging the dismissal of his petition for postconviction relief. The petition was not filed within the 180-day time limit set forth in R.C. 2953.21(A)(2), nor does it meet the requirements of any exception to that time

limit. Because he did not meet the jurisdictional requirement for filing his petition, the trial court had no authority to take any action other than to dismiss the petition. There was no error in the trial court's failure to hold a hearing or failure to issue findings of fact and conclusions of law. Appellant's two assignments of error are overruled and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.