[Cite as *Panezich v. Green*, 2016-Ohio-7948.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CLIFTON J. PANEZICH | ) | |
| | ) | |
| PETITIONER | ) | |
| | ) | CASE NO. 16 MA 0163 |
| VS. | ) | |
| | ) | OPINION |
| SHERIFF JERRY GREEN | ) | AND |
| | ) | JUDGMENT ENTRY |
| RESPONDENT | ) | |

CHARACTER OF PROCEEDINGS:    Petition for Writ of Habeas Corpus

JUDGMENT:    Dismissed.

APPEARANCES:
For Petitioner    Attorney Percy Squire
341 S. Third Street, Suite 10
Columbus, Ohio 43215

For Respondent    Attorney Paul Gains
Mahoning County Prosecutor
Attorney Martin P. Desmond
Assistant Prosecutor
21 W. Boardman Street, 6th Floor
Youngstown, Ohio 44503

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: November 23, 2016

PER CURIAM.

{¶1} Petitioner Clifton J. Panezich has filed a petition writ of habeas corpus seeking to have his bail reversed and set aside arguing that it constitutes excessive bail. Respondent State of Ohio has filed a motion to dismiss.

{¶2} On October 6, 2016, the Mahoning County Grand Jury issued a 22-count indictment naming Petitioner and two codefendants. The indictment alleged that Petitioner and the codefendants had engaged in a criminal enterprise that sold counterfeit sports and entertainment memorabilia over the internet. More specifically, Petitioner was charged as follows: Count One—Aggravated Theft, in violation of R.C. 2913.02(A)(3)(B)(1)(2), a first-degree felony; Count Two—Telecommunications Fraud, in violation of R.C. 2913.05(A)(C), a first-degree felony; Count Three—Forgery, in violation of R.C. 2913.31(A)(1)(C)(1)(a)(b), a third-degree felony; Count Four—Forgery, in violation of R.C. 2913.31(A)(2)(C)(1)(a)(b), a third-degree felony; Count Five—Forgery, in violation of R.C. 2913.31(A)(3)(C)(1)(a)(b), a third-degree felony; Count Six—Identity Fraud, in violation of R.C. 2913.49(B)(1)(1)(2), a second-degree felony; Count Seven—Money Laundering, in violation of R.C. 1315.55(A)(1)(B), a third-degree felony; and Count Twenty Two—Engaging in a Pattern of Corrupt Activity, in violation of R.C. 2923.32(A)(1)(B), a first-degree felony.

{¶3} At Petitioner's request, the trial court conducted a bond hearing. Evidence was presented that although Petitioner was born and raised in the Mahoning County area, he was residing in Las Vegas, Nevada at the time of his indictment. Following the bond hearing, the trial court set Petitioner's bond at $500,000. After a second bond hearing, the trial court again set Petitioner's bond at $500,000.

{¶4} Following the filing of his petition for writ of habeas corpus before this Court, Petitioner filed an amended petition requesting expedited treatment and a shortened response time on November 8, 2016. Meanwhile, Relator had filed a motion to dismiss.

{¶5} Upon review, it is apparent that the petition must be dismissed. When an inmate files a civil action filed against a governmental entity or employee, R.C.

2969.25(A) requires the petitioner to file an affidavit with the petition describing all civil actions and appeals they have filed in state or federal court within the past five years. Petitioner has not included the required affidavit. The Ohio Supreme Court has held that the "requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint." *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4. *See also Fuqua v. Williams,* 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶¶ 6-9 ("A habeas corpus action is a civil action and therefore the provisions of R.C. 2969.21 through 2969.27 are applicable to such action."). Even belated attempts to file this affidavit cannot correct noncompliance with the statute. *Id.* at ¶ 9.

{¶6} Accordingly, the petition for a writ of habeas corpus is dismissed.

{¶7} Costs taxed against Petitioner. Final order. Clerk to serve notice as provided by the Civil Rules.


DeGenaro, J., concurs.

Donofrio, P.J., concurs.

Robb, J., concurs.