[Cite as *State v. Panezich*, 2018-Ohio-3429.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CLIFTON J. PANEZICH,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No.** 17 MA 0087

---

Application for Reconsideration

**BEFORE:**
Carol Ann Robb, Gene Donofrio, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor, *Atty. Ralph M. Rivera*, Assistant Prosecutor, 21 W. Boardman St., 6th Floor., Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Percy Squire*, Percy Squire Co., LLC, 341 S. Third Street, Suite 10, Columbus, Ohio 43215 for Defendant-Appellant.

**Dated**:  August 21, 2018

**PER CURIAM.**

{¶1} On July 16, 2018 Appellant Clifton Panezich filed an application for reconsideration in *State v. Panezich*, 7th Dist. No. 17 MA 0087, 2018-Ohio-2812.

{¶2} Pursuant to App.R. 26(A) applications for reconsideration must be made no later than 10 days after the clerk has mailed the judgment to the parties and the clerk makes a notation on the docket of the mailing. The docket indicates the opinion was mailed on July 3, 2018 and the notation was made on that same day. Consequently, the application for reconsideration was required to be filed no later than July 13, 2018. We have previously explained the three-day mail rule in App.R. 14(C) is inapplicable to applications for reconsideration. *Summitcrest, Inc. v. Eric Petroleum Corp.*, 7th Dist. No. 12 CO 0055, 2016-Ohio-3381, ¶ 4, citing *Peters v. Tipton*, 7th Dist. No. 13 HA 10, 2015–Ohio–3307, ¶ 9. Therefore the application is late. Admittedly, App.R. 14(B) permits a court to enlarge the time to accept an application for reconsideration when there is a showing of extraordinary circumstances. The application provides no reason for its tardiness. Therefore, on that basis alone the application can be denied.

{¶3} Regardless of its untimeliness, the application provides no basis for this court to reconsider the earlier decision. An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *Colfor Mfg., Inc. v. Ohio Civ. Rights Commission*, 7th Dist. No. 16 CA 0912, 2018-Ohio-712, ¶ 2, citing *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Colfor* citing *Owens*.

{¶4} All of Appellant's arguments are disagreements with our logic and conclusions. Appellant raises numerous arguments in the application for reconsideration. He contends this court could have and should have considered the transcripts for Appellant's bond hearings that were a part of the record in previous appeal number 16 MA 0063. He argues this court incorrectly stated Appellant did not

appeal the trial court's denial of the request for inspection of grand jury transcripts. As part of that argument he asserts he requested a *Kastigar* hearing and implies that he did not waive or withdraw that request. Lastly, he argues this court incorrectly dismissed his habeas corpus petition in case number 16 MA 0163. Each argument will be addressed separately.

{¶5} As for the bond hearing transcripts, those transcripts were attached to the appellate brief; however, we struck them from the record. 12/11/17 J.E. Following our decision, Appellant could have used App.R. 9 to include those transcripts as part of the record or ask us to reconsider our ruling based on the argument presented in application for reconsideration. Appellant did not utilize either of those options. Accordingly, we will not reconsider our decision to strike the bond transcripts from the record.

{¶6} Appellant states that we incorrectly stated he did not appeal the trial court's denial of inspection of grand jury transcripts requested. Appellant had two cases before this court. The first case was his habeas corpus petition raising an issue with his bail. *Panezich v. Green*, 7th Dist. No. 16 MA 0163, 2016-Ohio-7948. That decision did not address the trial court's denial of inspection of grand jury transcripts. After the issuance of our decision in the habeas corpus case, Appellant did file a motion requesting a copy of the grand jury transcripts and an expedited *Kastigar* hearing. Appellant had a case pending with the Ohio Supreme Court at that time. *Panezich v. Green*, 147 Ohio St.3d 1450, 2016-Ohio-7975, 64 N.E.3d 996. That case was voluntarily dismissed by Appellant. *Panezich v. Green*, 147 Ohio St.3d 1462, 2016-Ohio-8162, 65 N.E.3d 767. Neither of the cases before us was an appeal from the denial of the trial court's ruling on the grand jury transcripts. Regardless, in our opinion we addressed the trial court's order denying inspection of the grand jury transcripts and concluded such a ruling was correct. *Panezich*, 7th Dist. No. 17 MA 0087, 2018-Ohio-2812 at ¶ 35-38.

{¶7} Appellant's argument regarding grand jury transcripts is also intertwined with his argument concerning a *Kastigar* hearing. As we explained in our opinion, the record discloses Appellant withdrew his request for a *Kastigar* hearing and he waived any alleged error regarding a *Kastigar* hearing when he entered the guilty plea. *Id.* at ¶

38-39, 49-57.  Furthermore, while this court did not decide whether Appellant would have been entitled to a *Kastigar* hearing, we did indicate that the agreement appeared to be guided by contract principles and in that situation an offender is not entitled to a *Kastigar* hearing.  *Id*. at ¶ 56.

**{¶8}**  Lastly, Appellant argues we incorrectly dismissed his habeas corpus petition. Effectually, Appellant is arguing our decision in 16 MA 0163 is incorrect.  This application for reconsideration is not the proper place to make that argument.

**{¶9}**  In conclusion, Appellant's application is untimely.  Furthermore, Appellant's arguments indicate he simply disagrees with our conclusions. As stated above, reconsideration is not applicable in instances where a party disagrees with the conclusions and logic of the appellate court.  Accordingly, this application does not provide a basis for reconsideration of our decision.  Application for reconsideration denied.

**PRESIDING JUDGE CAROL ANN ROBB**

**JUDGE GENE DONOFRIO**

**JUDGE KATHLEEN BARTLETT**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**