[Cite as *State v. Shine-Johnson*, 2020-Ohio-4711.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-701 |
| v. | : | (C.P.C. No. 15CR-4596) |
| Joeseph Shine-Johnson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 30, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

**On brief:** *Joeseph Shine-Johnson*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Joeseph[1] Shine-Johnson appeals from a decision of the Franklin County Court of Common Pleas entered on July 23, 2019, denying his petition for postconviction relief. Shine-Johnson sought to have the trial court retroactively apply legislative amendments to the burden of proof for self-defense in an effort to have his conviction vacated. The trial court concluded, consistent with statute and our prior precedent, that the amendment to R.C. 2901.05 was not in effect at the time of his conviction or final judgment entry and did not retroactively apply to his case. *State v. Ward*, 10th Dist. No. 19AP-266, 2020-Ohio-465, ¶ 15; R.C. 1.48. However, we find that the trial court did not have jurisdiction over the petition because Shine-Johnson did not file until more than 365 days after the date the transcript was filed in his direct appeal (May 19,

---

[1] The indictment lists his name as "Joseph" but appellant pro se uses, "Joeseph," which will be appellant's first name as we use it in this appeal. (Shine-Johnson's Brief at cover; Tr. at 1143.)

2017).   We therefore overrule Shine-Jones' sole assignment of error and modify the judgment of the Franklin County Court of Common Pleas to reflect the dismissal of Shine-Johnson's postconviction petition.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}   We reviewed the history and facts of this case in detail in *State v. Shine-Johnson*, 10th Dist. No. 17AP-194, 2018-Ohio-3347, and it is unnecessary in this subsequent appeal to fully recount that history here.  In summary, Shine-Johnson fatally shot his father with a shotgun during an argument.  *Id.* at ¶ 2, 8-10, 15-16.  He argued at trial that the shooting was an act of self-defense because his father attacked him with a telescope and a knife before pointing a shotgun (different from the one Shine-Johnson used) at him.  *Id.* at ¶ 2, 13-15.  The jury rejected both a charge of aggravated murder and Shine-Johnson's self-defense claim and instead found him guilty of murder and tampering with evidence (resulting from fleeing the scene and stowing the murder weapon in a basement).  *Id.* at ¶ 20, 53-56.

{¶ 3}   Shine-Johnson appealed and, on August 21, 2018, a divided panel of this court affirmed.  (Mar 16, 2017 Notice of Appeal.) *Shine-Johnson* at ¶ 123-27 (Dorrian & Sadler, JJ. constituting the majority, Tyack, J. dissenting).

{¶ 4}   Approximately six months after our appellate decision, Shine-Johnson filed a petition seeking to vacate his conviction or to set aside what he referred to as a "void judgment."  (Apr. 29, 2019 Petition.)  The gist of his petition was that legislative changes to R.C. 2901.05, which took effect in the month before his petition was filed, shifted the burden of proving self-defense from the defendant and required the prosecution to prove beyond a reasonable doubt that the defendant did not act in self-defense.  *Id.* in passim; *see also* 2019 Am.Sub.H.B. No. 228.[2]  Shine-Johnson argued that this amendment created a "new constitutional right" that should be applied retroactively.  (Apr. 29, 2019 Petition at 6.)  The State opposed the petition, arguing that the amendment to the law did not apply retroactively.  (May 24, 2019 Memo. Contra at 3-4.)  The trial court agreed and denied the petition without a hearing.  (July 23, 2019 Entry at 1-2.)

{¶ 5}   Shine-Johnson now appeals.

---

[2] Archived online at 2017 Ohio HB 228.

## II. ASSIGNMENT OF ERROR

{¶ 6} Shine-Johnson presents a single assignment of error for review:

The Defendant's conviction is under a Constitutionally and Statutorily unconstitutional law and his conviction is void in violation of the U.S. Constitution. Amendment V, VI, XIV and Ohio Constitution Art. I, § 10, and 16. Due to a Substantive amendment to the burden of proof statute 2901.05 that constitutionally demands retroactive application of the new interpretation.

## III. DISCUSSION

{¶ 7} The postconviction relief process is a collateral civil attack on a criminal judgment. *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. *State v. Murphy*, 10th Dist. No. 00AP-233, 2000 WL 1877526, 2000 Ohio App. LEXIS 6129, *5 (Dec. 26, 2000); *see also, e.g.*, *State v. Carter*, 10th Dist. No. 13AP-4, 2013-Ohio-4058, ¶ 15. As potentially relevant to this case, Shine-Johnson's petition for postconviction relief was required to establish "that there was such a denial or infringement of [his] rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1)(a).

{¶ 8} A defendant is not automatically entitled to an evidentiary hearing on a postconviction relief petition. *State v. Jackson*, 64 Ohio St.2d 107, 110 (1980). R.C. 2953.21(D) provides that, "[b]efore granting a hearing on a petition * * * the court shall determine whether there are substantive grounds for relief." This requires the petitioner to provide evidence that demonstrates a cognizable claim of constitutional error. *State v. Ibrahim*, 10th Dist. No. 14AP-355, 2014-Ohio-5307, ¶ 9. A postconviction relief petition may be denied without an evidentiary hearing where the petition and supporting materials do not demonstrate that the petitioner offered sufficient operative facts to establish substantive grounds for relief. *State v. Calhoun*, 86 Ohio St.3d 279, 282-83 (1999).

{¶ 9} Where, as here, a petition is filed more than 365 days after the date the transcript was filed in the direct appeal, a petitioner must show he or she qualifies for an exception to this statutory time limit under the requirements of the statute. R.C. 2953.21(A)(2). Specifically, the petitioner is required to show that he or she "was

unavoidably prevented from discovery of the facts upon which [he or she] must rely to present the claim for relief" and that "but for constitutional error at trial, no reasonable factfinder would have found [him or her] guilty of the offense of which [he or she] was convicted." R.C. 2953.23(A)(1)(a) and (b). This Court has previously decided that where a petition for postconviction relief is untimely and does not meet the exception to the timeliness requirement, a trial court is without jurisdiction to consider the untimely petition. *State v. Jones,* 10th Dist. No. 18AP-578, 2019-Ohio-1014, ¶ 17; *State v. Rippey*, 10th Dist. No. 06AP-1229, 2007-Ohio-4521, ¶ 13; *State v. Robinson*, 10th Dist. No. 06AP-368, 2006-Ohio-6649, ¶ 9.

{¶ 10} In this case, the record shows that Shine-Johnson filed his petition more than 365 days after the date the transcript was filed in his direct appeal (May 19, 2017). *See* Apr. 29, 2019 Petition. "A trial court lacks subject-matter jurisdiction over an untimely or successive petition for postconviction relief unless the petition satisfies the criteria set forth under R.C. 2953.23(A)." *State v. Conway*, 10th Dist. No. 17AP-90, 2019-Ohio-382, ¶ 8, citing *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 36 ("a petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition"). Because " ' "the question [of] whether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law," ' an appellate court applies a de novo standard of review to the trial court's determination." *Conway* at ¶ 8, quoting *Apanovitch* at ¶ 24, quoting *State v. Kane*, 10th Dist. No. 16AP-781, 2017-Ohio-7838, ¶ 9.

{¶ 11} In this instance, Shine-Johnson made no claim in the trial court and produced no evidence to support a finding that either of the R.C. 2953.23(A)(1) exceptions applied to his untimely petition for postconviction relief. The appellee raised the trial court's lack of subject-matter jurisdiction in its merit brief in this Court, even though the record shows that the trial court did not consider its jurisdiction before proceeding. Subject-matter jurisdiction goes to the power of a court to adjudicate the merits of a case; being so important that it can never be waived. *State ex rel. Jones v. Suster,* 84 Ohio St.3d 70, 75 (1998). Accordingly, we consider whether the trial court could consider, let alone hold, a hearing on Shine-Johnson's petition.

{¶ 12} Shine-Johnson alleges in his petition that a postconviction amendment to R.C. 2901.05 should apply retroactively to his case. This being the claim, the first prong of R.C. 2953.23(A)(1)(a) does not apply because the "facts upon which [appellant] must rely to present the claim for relief" were known to Shine-Johnson at the time of trial. R.C. 2953.23(A)(1)(a). Shine-Johnson's claim for relief is predicated on a change in the law, not on facts he was unavoidably prevented from discovering within the time prescribed by R.C. 2953.21. Similarly, the second prong of R.C. 2953.23(A)(1)(a) does not apply to Shine-Johnson's claim for relief because amended R.C. 2901.05 is not a right recognized by the United States Supreme Court since the time for seeking postconviction relief had expired. R.C. 2901.05 was amended by the Ohio General Assembly and not in response to any determination by the United States Supreme Court that the prior law was unconstitutional. Having determined Shine-Johnson failed to satisfy either of the R.C. 2953.23(A)(1) requirements, as a matter of law, there is no need to further determine whether the petition satisfies R.C. 2953.23(A)(1)(b), as petitioner must satisfy both R.C. 2953.23(A)(1)(a) and (b) in order for the jurisdictional exception to apply. *State v. [L.A.A.]*, 10th Dist. No. 19AP-218, 2020-Ohio-643, ¶ 22.

{¶ 13} Because Shine-Johnson's petition for postconviction relief is untimely and fails to satisfy either of the R.C. 2953.23(A)(1) exceptions, as a matter of law, the trial court lacked jurisdiction to consider Shine-Johnson's petition. *Apanovitch*; *Kane*. *See also State v. Teitelbaum*, 10th Dist. No. 19AP-137, 2019-Ohio-3175, ¶ 16, citing *Jones*, 2019-Ohio-1014, at ¶ 15-17.

{¶ 14} This Court has held that trial courts should dismiss a petition for postconviction relief when jurisdiction is lacking rather than denying the petition on some other grounds. *See Jones* at ¶ 17; *State v. Banks,* 10th Dist. No. 12AP-96, 2012-Ohio-3770, ¶ 11 ("the trial court did not err in denying appellant's petition, though technically the petition should have been dismissed for lack of jurisdiction"); *State v. Mangus*, 10th Dist. No. 06AP-1105, 2009-Ohio-6563, ¶ 13 (affirming denial of postconviction petition as untimely filed even though trial court should have dismissed the petition for lack of jurisdiction); *State v. Russell*, 10th Dist. No. 05AP-391, 2006-Ohio-383, ¶ 10 ("the trial court did not err in denying appellant's petition on the merits, though technically the petition should have been dismissed for lack of jurisdiction"); *State v. Elkins*, 10th Dist. No.

10AP-6, 2010-Ohio-4605, ¶ 17 (though the untimely postconviction petition should have been dismissed for lack of jurisdiction, the trial court did not err by denying the petition on the merits).

## IV.  CONCLUSION

{¶ 15}  For the foregoing reasons, we overrule Shine-Johnson's sole assignment of error. The judgment of the Franklin County Court of Common Pleas is modified to reflect the dismissal of Shine-Johnson's postconviction petition.

*Judgment modified;*
*postconviction petition dismissed.*

SADLER, P.J., and KLATT, J., concur.