[Cite as *State v. Panezich*, 2021-Ohio-572.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CLIFTON PANEZICH,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MA 0052**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2016 CR 505

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Paul Gains*, Prosecutor and *Atty. Ralph Rivera,* Assistant Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

Clifton Panezich (PRO SE), Inmate No. 700-111, Grafton Correctional Institute, 2500 South Avon Belden Road, Grafton, Ohio 44044 for Defendant-Appellant.

Dated:
February 24, 2021

**Donofrio, J.**

{¶1} Defendant-appellant, Clifton Panezich, appeals from a Mahoning County Common Pleas Court judgment denying his second postconviction petition.

{¶2} In 2016, a Mahoning County Grand Jury issued a joint 22-count indictment against appellant and two co-defendants for the alleged fraudulent scheme to sell sports memorabilia on the internet that was falsely purported to be authentic. Appellant eventually pleaded guilty to aggravated theft, telecommunications fraud, three counts of forgery, identity fraud, money laundering, and engaging in a pattern of corrupt activity.

{¶3} At the sentencing hearing, pursuant to the terms of the plea agreement, plaintiff-appellee, the State of Ohio, recommended a sentence between three and seven years. Appellant asked for a lesser sentence of 30 to 37 months, which would have been the sentencing range if he had faced federal charges. The trial court sentenced appellant to four years for aggravated theft, six years for telecommunications fraud, 24 months for each count of forgery, four years for identity fraud, 24 months for money laundering, and six years for engaging in a pattern of corrupt activity. The court ordered appellant to serve the sentences concurrently for an aggregate sentence of six years.

{¶4} Appellant filed a direct appeal with this court arguing that he did not enter his guilty plea knowingly, voluntarily, and intelligently and that the prosecutor engaged in misconduct. We affirmed his convictions. *State v. Panezich*, 7th Dist. Mahoning No. 17 MA 0087, 2018-Ohio-2812.

{¶5} Appellant next filed a motion for reconsideration with this court, which we denied. *State v. Panezich*, 7th Dist. Mahoning No. 17 MA 0087, 2018-Ohio-3429, appeal not allowed, 154 Ohio St.3d 1432, 2018-Ohio-4670, 111 N.E.3d 1192.

{¶6} On August 27, 2018, appellant filed an application to reopen his direct appeal, which we also denied. *State v. Panezich*, 7th Dist. Mahoning No. 17 MA 0087, 2018-Ohio-4411, appeal not allowed, 154 Ohio St.3d 1502, 2019-Ohio-345, 116 N.E.3d 155.

{¶7}     On July 23, 2018, appellant filed his first postconviction petition.  He alleged the prosecuting attorney used deceptive and reprehensible methods to obtain the indictment and coerced his guilty plea.  The trial court overruled appellant's petition and we affirmed the trial court's judgment on appeal.  *State v. Panezich*, 7th Dist. Mahoning No. 18 MA 0085, 2020-Ohio-3636.

{¶8}     On March 23, 2020, appellant filed his second postconviction petition.  He again argued that his trial counsel misinformed him regarding various plea deals offered by the state.  He claimed he rejected a plea deal with a four-year, eleven-month sentence because his counsel misinformed him that he would not be eligible for judicial release until he served four years of that sentence.  Appellant further claimed that the state made an offer of a five-year sentence during plea negotiations but that his counsel never relayed that offer to him.  He also filed a motion to amend so that he could attach his supporting affidavit.

{¶9}     The trial court reviewed appellant's petition and motion.  It found appellant's petition was untimely and failed to overcome res judicata.  Therefore, it denied appellant's request for postconviction relief.

{¶10}     Appellant filed a timely notice of appeal on May 7, 2020.  Acting pro se, he now raises three assignments of error.

{¶11}     Appellant's first assignment of error states:

THE TRIAL COURT COMMITTED AN ERROR AND ABUSED ITS DISCRETION WHEN IT APPLIED RES JUDICATA TO BAR THE APPELLANT'S POST-CONVICTION MOTION AS UNTIMELY, WHEREAS A CONFLICT OF INTEREST DEPRIVED THE APPELLANT OF HAVING THE PLEA BARGAIN ISSUES RAISED IN THE INITIAL POST-CONVICTION MOTION.  TRIAL COUNSEL CANNOT BE EXPECTED TO CHALLENGE HIS OWN INEFFECTIVENESS, PURSUANT TO STATE V. LENTZ 700 Ohio St.3d 527.

{¶12}     Appellant argues the trial court erred in applying the doctrine of res judicata to his petition.  He asserts that because he had the same defense counsel throughout his plea negotiations, direct appeal, and first postconviction petition, he never

had the chance to argue ineffective assistance of counsel because counsel would not have raised his own ineffectiveness. Thus, appellant argues that this second postconviction petition was the only means available to him to raise the issue of ineffective assistance of counsel in conveying and explaining the plea offers to him.

**{¶13}** Appellant's second assignment of error states:

> TRIAL COUNSEL WAS INEFFECTIVE DURING PLEA BARGAINING STAGES BY GIVING THE APPELLANT PANEZICH INCORRECT ADVICE ON A DECISIVE FACTOR, WHICH LED TO HIM REJECTING THE 4 YEAR 11 MONTH PLEA OFFER.

**{¶14}** In this assignment of error, appellant contends his trial counsel was ineffective by providing him with incorrect advice. Appellant asserts when he was presented with a plea offer from the state that included a four-year, eleven-month prison sentence, his counsel advised him that he would have to serve four years of the sentence before becoming eligible for judicial release. Appellant argues this was bad information because he would have been eligible for judicial release after six months. Based on this misinformation, appellant claims he decided to reject the four-year, eleven-month offer.

**{¶15}** Appellant's third assignment of error states:

> TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CONVEY THE FIVE (5) YEAR PLEA OFFER TO THE APPELLANT DURING PLEA BARGAINING. WITHOUT KNOWLEDGE OF THE FIVE YEAR PLEA OFFER, APPELLANT ACCEPTED A 3-7 YEAR PLEA DEAL THAT LED TO A SIX YEAR SENTENCE, A FULL YEAR GREATER THAN THE INITIAL FIVE YEAR OFFER FROM THE STATE AND NEVER CONVEYED TO APPELLANT THROUGH COUNSEL.

**{¶16}** Here appellant argues his trial counsel was ineffective for failing to convey a plea offer to him that included a five-year sentence. Appellant claims he accepted the three-to-seven-year sentence plea offer without ever being given the chance to consider the five-year offer.

**{¶17}** A petitioner must file his postconviction petition no later than 365 days after the date on which the trial transcript is filed in the direct appeal of the judgment of conviction. R.C. 2953.21(A)(2).

**{¶18}** In this case, the transcript was filed in appellant's direct appeal on July 24, 2017. Appellant did not file his second postconviction petition until March 23, 2020. Thus, over two and a half years passed from the filing of the transcripts in appellant's direct appeal and the filing of his second postconviction petition.

**{¶19}** The requirement that a postconviction petition be filed timely is jurisdictional. R.C. 2953.23(A) ("a court may not entertain a petition filed after the expiration of the period prescribed [in R.C. 2953.21]"). Unless the petition is filed timely, the court is not permitted to consider the substantive merits of the petition. *State v. Beaver*, 131 Ohio App.3d 458, 461, 722 N.E.2d 1046 (11th Dist.1998) (the trial court should have summarily dismissed appellant's untimely petition without addressing the merits).

**{¶20}** If a postconviction petition is filed beyond the time limitation or the petition is a second or successive petition for postconviction relief, R.C. 2953.23(A)(1)(a) precludes the court from entertaining the petition unless: (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or (2) after the time period expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his claim for relief. The petitioner must then show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b).

**{¶21}** Unless the defendant makes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider either an untimely or a second or successive petition for postconviction relief. *State v. Carter*, 2d Dist. Clark No. 03-CA-11, 2003-Ohio-4838, citing *State v. Beuke*, 130 Ohio App.3d 633, 720 N.E.2d 962 (1st Dist.1998).

**{¶22}** Appellant's petition here was clearly untimely. Additionally, this is appellant's second postconviction petition. Thus, the trial court was without jurisdiction to entertain it unless appellant demonstrated one of the two alternatives set out in R.C. 2953.23(A)(1)(a).

{¶23} Appellant's entire argument is based on the claim that he had the same counsel throughout the trial court proceedings, his direct appeal, and his first postconviction petition. Consequently, he contends he was never able to argue that his counsel gave him bad information regarding judicial release as it related to the plea offer of four years and eleven months and was never able to argue that counsel failed to convey a five-year plea offer to him.

{¶24} While appellant has had the same counsel throughout much of this case, the fact remains that he does not meet either of the two R.C. 2953.23(A) requirements needed for the trial court to have jurisdiction over his untimely, second postconviction petition.

{¶25} Appellant has not claimed that the United States Supreme Court has recognized a new right that applies retroactively to him. Nor has appellant asserted that he was unavoidably prevented from discovering the facts upon which his claim for relief is based.

{¶26} Appellant claims he was unaware that the state had offered him a plea deal that included a five-year sentence because his counsel never conveyed the offer to him.

{¶27} But at a December 12, 2016 hearing, at which appellant was present, the prosecutor discussed on the record the various plea offers made to appellant. (12/12/16 Tr. 4-5). In doing so, the prosecutor noted that the state had offered appellant a deal that included a five-year sentence and appellant had rejected that offer. (12/12/16 Tr. 4). Appellant admits in his affidavit to his second postconviction petition that he learned of the five-year offer at the December 12, 2016 hearing. (Panezich Aff. ¶ 5). Thus, even if appellant was unaware of this plea offer prior to the December 12, 2016 hearing, appellant was made aware of it on that date. Because appellant has had this information since December 2016, he clearly was not unavoidably prevented from discovering this fact upon which his claim for relief is based.

{¶28} Appellant also claims that his counsel misinformed him that if he accepted the state's plea offer that included a four-year and eleven-month sentence, he would not be eligible for judicial release until he had served four years. Appellant contends he would

have been eligible for judicial release after six months and had he known that at the time the state made the offer, he would have accepted it.

{¶29} The only support appellant offers for this claim is his own affidavit, which makes the above claims. (Panezich Aff. ¶¶ 2-4). He does not include any dates on which the offer was made, when his attorney allegedly advised him about judicial release, or when he learned that his attorney had allegedly misadvised him. Importantly, appellant makes no claim whatsoever that he just recently learned of his attorney's alleged misinformation. Likewise, appellant offers nothing to suggest that he was unavoidably prevented from discovering the facts upon which this claim is based.

{¶30} R.C. 2953.23(A) is jurisdictional. *State v. Shine-Johnson*, 10th Dist. Franklin No. 19AP-701, 2020-Ohio-4711, ¶ 12. If the defendant fails to make the R.C. 2953.23(A) statutory showings for an untimely, second, or successive postconviction petition, the trial court lacks jurisdiction to consider that petition for postconviction relief. *State v. Norris*, 7th Dist. Monroe No. 11 MO 4, 2013-Ohio-866, ¶ 10.

{¶31} Appellant's petition was untimely, successive, and does not fall under one of the exceptions. Thus, the trial court properly denied appellant's petition for postconviction relief.

{¶32} Accordingly, appellant's first, second, and third assignments of error are without merit and are overruled.

{¶33} For the reasons stated above, the trial court's judgment is hereby affirmed.


Waite, J., concurs.
Robb, J., concurs.


Case No. 20 MA 0052

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**