[Cite as *State v. Panezich*, 2021-Ohio-1165.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CLIFTON PANEZICH,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MA 0077**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2016 CR 505

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Paul Gains*, Mahoning County Prosecutor, *Atty. Ralph Rivera,* Assistant Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

Clifton Panezich, (PRO SE), #A700111, Grafton Correctional Institution, 2500 South Avon Belden Road, Grafton, Ohio 44044, for Defendant-Appellant.

Dated:
March 31, 2021

**Donofrio, J.**

{¶1}     Defendant-appellant, Clifton Panezich, appeals from a Mahoning County Common Pleas Court judgment overruling his third postconviction petition.

{¶2}     In 2016, a joint 22-count indictment was issued against appellant and two co-defendants for the alleged fraudulent scheme to sell sports memorabilia on the internet that was falsely purported to be authentic. Appellant eventually pleaded guilty to aggravated theft, telecommunications fraud, three counts of forgery, identity fraud, money laundering, and engaging in a pattern of corrupt activity.

{¶3}     At the sentencing hearing, pursuant to the terms of the plea agreement, plaintiff-appellee, the State of Ohio, recommended a sentence between three and seven years. Appellant asked for a lesser sentence of 30 to 37 months, which would have been the sentencing range if he had faced federal charges.  The trial court sentenced appellant to four years for aggravated theft, six years for telecommunications fraud, 24 months for each count of forgery, four years for identity fraud, 24 months for money laundering, and six years for engaging in a pattern of corrupt activity.  The court ordered appellant to serve the sentences concurrently for an aggregate sentence of six years.

{¶4}     Appellant filed a direct appeal with this court arguing that he did not enter his guilty plea knowingly, voluntarily, and intelligently and that the prosecutor engaged in misconduct.  We affirmed his convictions.  *State v. Panezich*, 7th Dist. Mahoning No. 17 MA 0087, 2018-Ohio-2812.

{¶5}     Appellant next filed a motion for reconsideration with this court, which we denied. *State v. Panezich*, 7th Dist. Mahoning No. 17 MA 0087, 2018-Ohio-3429, appeal not allowed, 154 Ohio St.3d 1432, 2018-Ohio-4670, 111 N.E.3d 1192.

{¶6}     On August 27, 2018, appellant filed an application to reopen his direct appeal, which we also denied.  *State v. Panezich*, 7th Dist. Mahoning No. 17 MA 0087, 2018-Ohio-4411, appeal not allowed, 154 Ohio St.3d 1502, 2019-Ohio-345, 116 N.E.3d 155.

**{¶7}** On July 23, 2018, appellant filed his first postconviction petition. He alleged the prosecuting attorney used deceptive and reprehensible methods to obtain the indictment and coerced his guilty plea. The trial court overruled appellant's petition and we affirmed the trial court's judgment on appeal. *State v. Panezich*, 7th Dist. Mahoning No. 18 MA 0085, 2020-Ohio-3636.

**{¶8}** On March 23, 2020, appellant filed his second postconviction petition. He again argued that his trial counsel misinformed him regarding various plea deals offered by the state. He claimed he rejected a plea deal with a four-year, eleven-month sentence because his counsel misinformed him that he would not be eligible for judicial release until he served four years of that sentence. Appellant further claimed that the state made an offer of a five-year sentence during plea negotiations but that his counsel never relayed that offer to him. He also filed a motion to amend so that he could attach his supporting affidavit.

**{¶9}** The trial court reviewed appellant's petition and motion. It found appellant's petition was untimely and failed to overcome res judicata. Therefore, it denied appellant's request for postconviction relief. Appellant filed a timely notice of appeal from that judgment. We once again affirmed the trial court's judgment. *State v. Panezich*, 7th Dist. Mahoning No. 20 MA 0052, 2021-Ohio-572.

**{¶10}** Appellant filed his third postconviction petition on June 15, 2020. He asserted that he just recently became aware that his trial counsel did not believe the state ever offered him a five-year plea deal. In support, appellant attached a copy of an email from his trial counsel. The email states in its entirety "I do not believe there was an offer of a 5 year plea deal." (June 15, 2020 petition, Ex. A). It appears another sentence followed that sentence, but also appears that appellant blacked out the second sentence.

**{¶11}** The trial court overruled appellant's third petition on June 19, 2020. It found the petition was untimely and barred by res judicata. The court also noted that the evidence appellant submitted was not "newly discovered" as required for postconviction relief.

**{¶12}** Appellant filed a timely notice of appeal from the trial court's judgment. Still acting pro se, appellant now raises two assignments of error. We will address both

assignments of error together as they raise the same argument and are resolved on the same basis.

**{¶13}** Appellant's first assignment of error states:

THE TRIAL COURT COMMITTED ERROR AND ABUSED ITS DISCRETION WHEN IT APPLIED RES JUDICATA TO BAR THE APPELLANT'S POST CONVICTION MOTION AS UNTIMELY, WHEREAS A CONFLICT OF INTEREST DEPRIVED THE APPELLANT OF HAVING THE PLEA BARGAIN ISSUES RAISED IN THE INITIAL POST CONVICTION MOTION. FURTHERMORE, NEW EVIDENCE HAS ARISEN, IN THE FORM OF AN IATC [ineffective assistance of trial counsel] ADMISSION BY ATTORNEY PERCY SQUIRE. TRIAL COUNSEL CANNOT BE EXPECTED TO CHALLENGE HIS OWN INEFFECTIVENESS, PURSUANT TO STATE V. LENTZ 700 OHIO ST. 3D 527, THUS A POST CONVICTION MOTION IS THE ONLY VEHICLE BY WHICH TO RAISE AN IATC CLAIM.

**{¶14}** Appellant argues new information arose on May 19, 2020, from his trial counsel that counsel did not believe the state offered appellant a five-year plea deal. He claims that either the five-year deal was not communicated from the state to his trial counsel or was not communicated from his trial counsel to him. Thus, appellant asserts the trial court should not have applied the doctrine of res judicata to dismiss his petition.

**{¶15}** Appellant's second assignment of error states:

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CONVEY THE FIVE (5) YEAR PLEA OFFER DURING PLEA BARGAINING STAGES. WITHOUT KNOWLEDGE OF THE FIVE (5) YEAR PLEA OFFER, APPELLANT ACCEPTED A 3 – 7 YEAR PLEA DEAL, THAT ULTIMATELY LED TO A SENTENCE OF SIX (6) YEARS, A FULL YEAR GREATER THAN THE INITIAL FIVE (5) YEAR OFFER FROM THE STATE, THAT WAS NEVER CONVEYED TO THE APPELLANT THROUGH COUNSEL.

{¶16}  Appellant again claims the five-year sentence plea deal was never presented to him as an option.

{¶17}  A petitioner must file his postconviction petition no later than 365 days after the date on which the trial transcript is filed in the direct appeal of the judgment of conviction. R.C. 2953.21(A)(2).

{¶18}  In this case, the transcript was filed in appellant's direct appeal on July 24, 2017.  Appellant did not file his third postconviction petition until June 15, 2020.  Thus, almost three years passed from the filing of the transcripts in appellant's direct appeal and the filing of his third postconviction petition.

{¶19}  The requirement that a postconviction petition be filed timely is jurisdictional.  R.C. 2953.23(A) ("a court may not entertain a petition filed after the expiration of the period prescribed [in R.C. 2953.21]").  Unless the petition is filed timely, the court is not permitted to consider the substantive merits of the petition.  *State v. Beaver*, 131 Ohio App.3d 458, 461, 722 N.E.2d 1046 (11th Dist.1998) (the trial court should have summarily dismissed appellant's untimely petition without addressing the merits).

{¶20}  If a postconviction petition is filed beyond the time limitation or the petition is a second or successive petition for postconviction relief, R.C. 2953.23(A)(1)(a) precludes the court from entertaining the petition unless: (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or (2) after the time period expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his claim for relief.  The petitioner must then show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found [him] guilty of the offense of which [he] was convicted."  R.C. 2953.23(A)(1)(b).

{¶21}  Unless the defendant makes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider either an untimely or a second or successive petition for postconviction relief.  *State v. Carter*, 2d Dist. No. 03-CA-11, 2003-Ohio-4838, citing *State v. Beuke*, 130 Ohio App.3d 633, 720 N.E.2d 962 (1st Dist.1998).

{¶22}  Appellant's petition was clearly untimely.  Additionally, this is appellant's third postconviction petition.  Thus, the trial court was without jurisdiction to entertain it

unless appellant demonstrated one of the two alternatives set out in R.C. 2953.23(A)(1)(a), which he did not.

**{¶23}** Appellant has not claimed that the United States Supreme Court has recognized a new right that applies retroactively to him. Nor has appellant asserted that he was unavoidably prevented from discovering the facts upon which his claim for relief is based.

**{¶24}** Appellant claims he was unaware that the state had offered him a plea deal that included a five-year sentence because either his counsel never conveyed the offer to him or the state never conveyed the offer to his counsel.

**{¶25}** But at a December 12, 2016 hearing, at which appellant was present, the prosecutor discussed on the record the various plea offers made to appellant. (12/12/16 Tr. 4-5). In doing so, the prosecutor noted that the state had offered a deal that included a five-year sentence and appellant had rejected that offer. (12/12/16 Tr. 4). Appellant admits in his affidavit to his second postconviction petition that he learned of the five-year offer at the December 12, 2016 hearing. (Panezich Aff. ¶ 5). Thus, even if appellant was unaware of this plea offer prior to the December 12, 2016 hearing, appellant was made aware of it on that date. Because appellant has had this information since December 2016, he was not unavoidably prevented from discovering this fact upon which his claim for relief is based.

**{¶26}** R.C. 2953.23(A) is jurisdictional. *State v. Shine-Johnson*, 10th Dist. Franklin No. 19AP-701, 2020-Ohio-4711, ¶ 12. If the defendant fails to make the R.C. 2953.23(A) statutory showings for an untimely, second, or successive postconviction petition, the trial court lacks jurisdiction to consider that petition for postconviction relief. *State v. Norris*, 7th Dist. Monroe No. 11 MO 4, 2013-Ohio-866, ¶ 10.

**{¶27}** Moreover, appellant made the same arguments regarding ineffective assistance of counsel and not being informed of plea offers from the state in his third postconviction petition as he did in his second petition. But "[t]he doctrine of res judicata excludes subsequent actions or postconviction petitions involving the same legal theory of recovery as the previous action or petition, as well as claims which could have been presented in the first action or postconviction petition." *State* v. Paige, 7th Dist. Mahoning No. 17 MA 0146, 2018-Ohio-2782, ¶ 19, citing *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d

169, syllabus (1982). Thus, res judicata not only bars claims that were raised on direct appeal but also bars any claims that were raised in previous post-judgment motions. *State v. Smith*, 7th Dist. Mahoning No. 19 MA 0064, 2019-Ohio-4501, ¶ 8, appeal not allowed, 157 Ohio St.3d 1565, 2020-Ohio-313, 138 N.E.3d 1166.

**{¶28}** Appellant's petition was untimely, successive, does not fall under one of the exceptions, and was barred by res judicata. Thus, the trial court properly denied appellant's petition for postconviction relief.

**{¶29}** Accordingly, appellant's first and second assignments of error are without merit and are overruled.

**{¶30}** For the reasons stated above, the trial court's judgment is hereby affirmed.


Waite, J., concurs.
Robb, J., concurs.

--------

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**